**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

Lathonia Bennett,
       Plaintiff,

vs.

Williamsburg County; Williamsburg County Council; Kelvin Washington, County Supervisor, in his official capacity; Hixon Copp, Director of Economic Development, in his official capacity; Amanda Shuler, County Attorney, in her official and individual capacities; Williamsburg County Economic Development Board; Williamsburg County Development Corporation (WCDC),
       Defendants.

Civil Action No.: 4:26-cv-01034
[C.A. No.: 2026-CP-45-00049]

**AMENDED COMPLAINT**
**(Jury Trial Demanded)**

**<u>INTRODUCTION</u>**

Plaintiff Lathonia Bennett brings this civil rights action under 42 U.S.C. § 1983 to redress systematic violations of her rights under the First and Fourteenth Amendments to the United States Constitution and to enforce South Carolina's Freedom of Information Act. Plaintiff is the founder and operator of Just Us CPP, a nonprofit organization serving the Citizens of Williamsburg County, a business owner, and a community activist who has publicly advocated on matters of public concern affecting Williamsburg County residents, including transparency in economic development, equitable distribution of public resources, environmental protection, and structural governance reform.

Plaintiff formally submitted five governance resolutions to the Williamsburg County Council on behalf of Just Us CPP. Those resolutions were placed on the official agenda for the February 17, 2026 Council meeting. Despite being formally before the governing body, no motion was made, no vote was taken, no referral to committee occurred, and no recorded legislative disposition of any kind was entered. This stands in direct contrast to the treatment afforded corporate development proposals — including industrial park expansions and large-scale solar projects — which were assigned ordinance numbers, processed through multiple readings, and formally adopted or rejected. Following service of litigation on February 13, 2026, Defendants publicly announced Plaintiff's lawsuit in open session on March 2, 2026 — a practice not employed for other pending litigation — and erected barriers to Plaintiff's access to public records. These actions constitute retaliation, disparate treatment, and due process violations actionable under federal law.

**PARTIES**

1. Plaintiff Lathonia Bennett is a citizen and resident of Williamsburg County, South Carolina. She is the founder and operator of Just Us CPP (also known as JustUs Community Perpetualization Project, LLC), a nonprofit and community development organization dedicated to civic participation, economic equity, affordable housing, workforce development, broadband access, and environmental protection for the Citizens of Williamsburg County. Plaintiff is also a business owner and a community activist who has engaged in sustained public advocacy on matters of public concern before Williamsburg County Council and other governmental bodies.

2. Defendant Williamsburg County is a political subdivision of the State of South Carolina and is a 'person' subject to suit under 42 U.S.C. § 1983. See Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658 (1978). The County is not entitled to Eleventh Amendment immunity, as that protection does not extend to counties and other local governmental units. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977).

3. Defendant Williamsburg County Council is the governing body of Williamsburg County, responsible for enacting legislation, setting county policy, and taking formal legislative action on matters placed before it.

4. Defendant Kelvin Washington is the Williamsburg County Supervisor, sued in his official capacity. As County Supervisor and Chairman of the County Council, Defendant Washington presides over council proceedings and oversees county administration and the implementation of county policy, including economic development programs.

5. Defendant Hixon Copp is the Director of Economic Development for Williamsburg County, sued in his official capacity. Defendant Copp is directly responsible for administering county economic development programs, evaluating proposals, and allocating economic development resources. He participates in decisions regarding which projects receive county support, access to incentive programs, and engagement with entities such as WCDC.

6. Defendant Amanda Shuler is the County Attorney for Williamsburg County, sued in both her official and individual capacities. As County Attorney, Defendant Shuler serves as legal counsel to Williamsburg County, the County Council, and all county officials and agencies. Defendant Shuler was the legal advisor present at and involved in the council proceedings at which Plaintiff's resolutions received no legislative disposition. She participated in the decisions and policies that restricted Plaintiff's access to public records. On March 4, 2026, defense counsel acting on behalf of Defendant Shuler's clients transmitted a letter to Plaintiff directing that all FOIA requests relating to the subject matter of litigation be channeled through the discovery process, and further requiring submission of a county-created FOIA form

as a condition of processing public records requests. As County Attorney, Defendant Shuler knew or should have known that these restrictions conflicted with Plaintiff's clearly established rights under the First and Fourteenth Amendments and the South Carolina Freedom of Information Act.

7. Defendant Williamsburg County Economic Development Board is the county board responsible for oversight and direction of economic development programs and resource distribution in Williamsburg County. On information and belief, its membership includes county officials and overlapping appointees with connections to WCDC and other development entities.

8. Defendant Williamsburg County Development Corporation (WCDC) is a corporation registered with the South Carolina Secretary of State (Exhibit F). WCDC functions as an arm of Williamsburg County government for purposes of administering economic development resources and coordinating development projects. WCDC directly administered the economic development resources, programs, and incentive structures to which Plaintiff and Just Us CPP sought access. WCDC has interlocking governance relationships with county officials, the Economic Development Board, and utility and infrastructure entities. On information and belief, WCDC administers and distributes county public funds, operates under delegated county governmental authority, and makes decisions regarding development support under color of state law.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), as this action arises under the Constitution and laws of the United States, including the First and Fourteenth Amendments and 42 U.S.C. § 1983.

10. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise from the same common nucleus of operative fact as Plaintiff's federal claims.

11. Venue is proper in the Florence Division pursuant to 28 U.S.C. § 1391(b), as all events and omissions giving rise to Plaintiff's claims occurred in Williamsburg County, South Carolina.

## FACTUAL ALLEGATIONS

### A. Plaintiff's Background, Protected Activities, and Governance Proposals

12. Plaintiff Lathonia Bennett is the founder and operator of Just Us CPP, based in Kingstree, Williamsburg County, South Carolina. Just Us CPP is dedicated to civic participation, affordable housing, workforce development, community broadband

access, conservation, and environmental protection for the Citizens of Williamsburg County, including historically underserved and low-income residents.

13. Beginning at least as early as 2025, Plaintiff engaged in sustained protected speech and petitioning activity before the Williamsburg County Council and other governmental bodies. This activity included: public comment at county council meetings regarding transparency in economic development decision-making; written submissions to county officials requesting governance reforms and procedural accountability measures; advocacy opposing large-scale solar development without adequate environmental review and citizen participation; petitioning for the establishment of a Board of Zoning Appeals (BZA) to provide residents with a formal mechanism to challenge or appeal land-use decisions; and advocacy for equitable distribution of economic development resources to community organizations serving low-income Williamsburg County residents.

14. On September 8, 2025, Plaintiff appeared before the Williamsburg County Council regarding the establishment of an Advisory Board. Her written sponsorship request for a formal amendment to create an Advisory Board was transmitted to council members. No ordinance number was assigned, and no first reading was initiated. Plaintiff's proposal was treated as a public comment rather than a legislative agenda item, despite the written sponsorship request — treatment not applied to commercial development proposals.

15. In January 2026, Plaintiff requested agenda placement for five governance proposals on behalf of Just Us CPP for consideration at the regular council meeting. On January 20, 2026, council proceedings indicated that the submitted matters would receive a vote or formal council consideration at a subsequent meeting.

16. The five resolutions submitted by Lathonia Bennett, DDS JustUs CPP and formally placed on the agenda for the February 17, 2026 council meeting were: (a) Resolution No. 2026-01: A Resolution Directing the Establishment of a Board of Zoning Appeals to Ensure Compliance with State Law and Strengthen Procedural Integrity; (b) Resolution No. 2026-02: An Ordinance Creating the JustUs Community Broadband Infrastructure District as a Special Purpose District Pursuant to Title 6 of the South Carolina Code of Laws; (c) Resolution No. 2026-03: An Ordinance Creating the JustUs Community Recreation and Conservation Special Purpose District Pursuant to Title 6 of the South Carolina Code of Laws; (d) Resolution No. 2026-04: To Supplement and Democratize the Advisory Board of Williamsburg County; and (e) Resolution No. 2026-05: Comprehensive Partnership Package — a Public-Nonprofit Partnership for Voluntary Affordable Housing and Workforce Development between Williamsburg County, South Carolina and JustUs Community Perpetualization Project, LLC and Community RootED Ag Academy.

**B. Service of Litigation and the February 17, 2026 Council Meeting**

17. On February 13, 2026, Plaintiff formally served notice of the present litigation upon Williamsburg County officials.

18. On February 16, 2026, a county holiday, the agenda for the February 17, 2026 council meeting was posted at approximately 8:10 p.m. — less than 24 hours before the 6:00 p.m. meeting, raising concerns regarding whether the posting satisfied applicable public notice requirements.

19. At the February 17, 2026 Regular County Council Meeting, all five resolutions submitted by Plaintiff on behalf of Just Us CPP were listed on the official agenda under the heading 'Resolutions at the Request of Lathonia Bennett, DDS JustUs CPP.' Despite being formally before the governing body, the Council took no action whatsoever on any of the five resolutions: no motion to adopt was made, no motion to deny was made, no referral to committee occurred, no motion to table was entered, and no recorded vote took place. The official legislative record contains no motion, no vote, and no formal disposition of any kind regarding Plaintiff's five resolutions.

20. On February 18, 2026, Plaintiff submitted a written request for clarification asking each Council member to state on the record their position on the five resolutions and the reasons why any member believed the resolutions lacked sufficient merit to warrant a recorded vote. No council member provided a recorded response, and no responses were incorporated into the official meeting record.

21. Plaintiff also submitted public records requests on February 17 and February 18, 2026 seeking SSRC agreements, PILOT agreements, MCIP tax incentives, and Tax Map Parcel records associated with the county project publicly known only by the code name 'Project Slipshot.'

## C. Comparator Treatment: Corporate Development Projects

22. The differential treatment of Plaintiff's resolutions stands in direct contrast to the treatment afforded commercial and corporate development proposals before the same governing body. On November 21, 2022, documentary evidence reflects email correspondence between a Williamsburg County official and Nexsen Pruet attorney Tushar Chikhliker concerning acceptance of proposed terms for the Ingka Solar project and direction to prepare an ordinance for council consideration — all prior to any public legislative proceeding. That project was assigned an ordinance number, processed through readings, and given formal legislative action.

23. Similarly, development projects including 'Project Aspire' (Ordinance 2025-05, Joint County Industrial Park expansion, adopted July 7, 2025) and 'Project Slipshot' (referenced in the January 20, 2026 council agenda) were processed through the full legislative pathway: assigned ordinance numbers, given first, second, and third readings, formally debated, and voted upon. The identity of the corporate entities behind these projects was withheld from the public under code names during the

early legislative stages, while Plaintiff's community proposals were publicly listed under her name but received no legislative action.

24. Residents, including Plaintiff, raised concerns that 'Project Slipshot' involved a company with a documented history of environmental contamination involving PFAS ('forever chemicals'), and that the public was denied the opportunity to evaluate those concerns before the council vote because the company's identity was not disclosed prior to the third reading of the ordinance.

25. The pattern is clear and documented in the public record: commercial development proposals receive ordinance numbers, readings, and formal votes; citizen and nonprofit governance proposals submitted by Plaintiff receive agenda placement but no legislative disposition. Similarly situated community organizations that did not engage in the protected advocacy activities of Plaintiff and Just Us CPP were not subjected to equivalent obstruction in the legislative process.

## D. Retaliation Following Service of Litigation

26. On March 2, 2026, at a Regular County Council Meeting, Defendant council officials publicly announced in open session that Plaintiff had filed a lawsuit against the County. This public announcement was not consistent with standard legislative practice, under which pending litigation is typically addressed through executive session legal advice pursuant to S.C. Code § 30-4-70(A)(2) rather than public open-session announcement. Plaintiff is not aware of any other pending litigation involving Williamsburg County — including litigation by corporate entities such as Ingka IRI Forest, and prior FOIA litigation by resident Cheryl Lane — that was similarly announced publicly in open council session.

27. Plaintiff alleges that this selective public announcement was intended to expose Plaintiff to reputational harm, public pressure, and chilling of her protected speech and advocacy, and constitutes differential treatment based on Plaintiff's exercise of her constitutional rights.

28. On March 2, 2026, council members again declined to take a recorded vote or state individual positions on the legislative record regarding Plaintiff's submitted governance proposals.

## E. FOIA Obstruction and Barriers to Public Records Access

29. Following service of litigation, Plaintiff submitted multiple public records requests under the South Carolina Freedom of Information Act, S.C. Code § 30-4-10 et seq., seeking documentation related to development agreements, SSRC and FILOT incentive structures, MCIP agreements, PILOT agreements, WCDC records, delegation member contact information, planning commission oath records, solar ordinance certifications, grant funding accounting, and governance policies.

30. By letter dated March 4, 2026, counsel for Defendants directed Plaintiff to submit all FOIA requests through a county-created FOIA request form and further stated that FOIA requests relating to the subject matter of the litigation must be pursued through the discovery process. Plaintiff objected on the basis that neither the South Carolina Freedom of Information Act nor any validly enacted county ordinance requires citizens to submit FOIA requests on a county-created form as a condition of obtaining public records. Plaintiff requested identification of any ordinance formally authorizing the mandatory form requirement. No such ordinance has been identified.

31. Defendants have further declined or delayed release of records including: February 17, 2026 meeting minutes, audio and visual recordings of the February 17, 2026 meeting, records of prior litigation handling practices, policies governing litigation announcements, and documentation of the SSRC program and associated solar project incentive agreements.

32. On information and belief, WCDC was incorporated with county oversight, is funded in part through public economic development resources, and administers county development programs and incentives, including Special Source Revenue Credits (SSRC) and other tax incentive programs connected to the development projects referenced in this action.

## F. Absence of Board of Zoning Appeals

33. South Carolina law provides for the establishment of a Board of Zoning Appeals (BZA) as part of county zoning administration, providing residents with a formal mechanism to appeal land-use decisions. Plaintiff has formally petitioned Williamsburg County on multiple occasions to establish a functioning BZA. Despite these petitions, no BZA has been established. Plaintiff alleges that large-scale industrial and solar development approvals have proceeded without the procedural safeguards a functioning BZA would provide, depriving residents of the ability to meaningfully challenge or appeal land-use decisions affecting their communities.

34. The absence of a functioning BZA, combined with the County's failure to act on Plaintiff's resolutions requesting its establishment, constitutes a structural due process deficiency that denies Plaintiff and other Williamsburg County residents meaningful access to governmental decision-making processes affecting land use, development approvals, and community resources.

## G. Monell Policy and Custom

35. The constitutional violations described herein are not the product of isolated individual misconduct. They reflect an official policy, practice, or custom of Williamsburg County, as evidenced by: the coordinated and consistent refusal to take legislative action on Plaintiff's governance proposals across multiple council meetings while processing commercial development proposals; the selective

public announcement of Plaintiff's litigation in open session; the collective imposition of FOIA barriers following service of litigation; the sustained failure to establish a BZA despite legal requirements and repeated citizen petitions; and the involvement of Defendant Shuler as County Attorney in authorizing or facilitating the actions described herein. These actions were taken by final policymakers for Williamsburg County, including the County Council and County Supervisor Washington.

36. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer harm including loss of economic opportunities for Just Us CPP and its partner organizations, denial of access to public resources and economic development programs, inability to advance affordable housing and workforce development initiatives for the Citizens of Williamsburg County, damage to Plaintiff's reputation and standing in the community, and chilling of Plaintiff's protected speech, petitioning, and advocacy.

## CAUSES OF ACTION

### COUNT I
### First Amendment — Retaliation for Protected Speech and Petitioning Activity — 42 U.S.C. § 1983

37. Plaintiff incorporates all preceding paragraphs by reference.

38. Plaintiff engaged in constitutionally protected speech and petitioning activity on matters of public concern, including her public advocacy before the Williamsburg County Council, her submission of five formal governance resolutions on behalf of Just Us CPP, her advocacy regarding transparency in economic development and environmental protection, and her initiation of litigation to enforce her constitutional and statutory rights.

39. Speech on matters of public concern — including the equitable distribution of public resources, the transparency of government decision-making, and environmental protection — lies at the core of First Amendment protection. Connick v. Myers, 461 U.S. 138, 145 (1983).

40. Defendants took adverse action against Plaintiff causally connected to her protected activity, including: refusing to take any legislative action on five formal resolutions submitted by Plaintiff and placed on the official council agenda; publicly announcing Plaintiff's lawsuit in open session in a manner not applied to other litigants; erecting barriers to Plaintiff's access to public records; and denying Just Us CPP equal access to economic development resources available to commercial entities. The temporal proximity between service of litigation on February 13, 2026 and the Council's non-action at the February 17, 2026 meeting strongly supports the inference of retaliatory motivation.

41. Defendants' conduct violated Plaintiff's rights under the First Amendment and is actionable under 42 U.S.C. § 1983.

## COUNT II
### First Amendment — Right to Petition Government — 42 U.S.C. § 1983

42. Plaintiff incorporates all preceding paragraphs by reference.

43. The First Amendment guarantees the right to petition the government for a redress of grievances. This right includes the right to submit formal legislative proposals to a governing body, to seek agenda placement for such proposals, and to receive a meaningful legislative response. BE & K Constr. Co. v. NLRB, 536 U.S. 516 (2002).

44. Plaintiff exercised her right to petition by formally submitting five governance resolutions, which were placed on the official agenda of the February 17, 2026 council meeting. The Council's complete failure to take any legislative action — no motion, no vote, no referral, no tabling — on those petitions, while routinely processing commercial development proposals through the full legislative pathway, constitutes impermissible obstruction of Plaintiff's constitutional right to petition. Courts evaluating such claims examine whether a governing body refused to exercise its duty to formally act on matters properly placed before it. The absence of any legislative disposition on the submitted resolutions raises that precise question.

45. Defendants' conduct violated Plaintiff's rights under the Petition Clause of the First Amendment and is actionable under 42 U.S.C. § 1983.

## COUNT III
### Fourteenth Amendment — Equal Protection — 42 U.S.C. § 1983

46. Plaintiff incorporates all preceding paragraphs by reference.

47. The Equal Protection Clause of the Fourteenth Amendment prohibits government from treating similarly situated individuals and organizations differently without rational basis, and prohibits disparate treatment motivated by the exercise of constitutional rights.

48. Defendants treated Plaintiff and Just Us CPP materially differently from similarly situated commercial entities and development organizations. Corporate development proposals — including the Ingka Solar project, Project Aspire, and Project Slipshot — received full legislative processing: ordinance numbers, multiple readings, recorded votes, and formal adoption or rejection. Plaintiff's five community governance resolutions, though formally listed on the same council agenda, received no motion, no vote, and no recorded disposition of any kind.

49. Similarly, Plaintiff's lawsuit was selectively announced in open public session, while other pending litigation involving corporate entities or other individuals was not treated the same way. This differential treatment is not supported by any rational basis and is motivated by Plaintiff's exercise of her First Amendment rights.

50. Defendants' conduct violated Plaintiff's rights under the Equal Protection Clause and is actionable under 42 U.S.C. § 1983.

## COUNT IV
### Fourteenth Amendment — Due Process — 42 U.S.C. § 1983

51. Plaintiff incorporates all preceding paragraphs by reference.

52. Plaintiff has constitutionally protected liberty and property interests, including: her interest as a nonprofit operator in accessing publicly available economic development resources and programs on a non-discriminatory basis; her interest in meaningful access to governmental decision-making processes affecting her community, including land-use decisions; and the right to petition government and receive a formal legislative response to proposals formally placed before the governing body.

53. Defendants arbitrarily deprived Plaintiff of these interests without due process of law by: refusing to take any legislative action on Plaintiff's formally submitted resolutions; denying Plaintiff access to a functioning BZA or comparable appeals mechanism for challenging land-use and development decisions; and conditioning access to public records on compliance with a procedural requirement not authorized by statute or validly enacted ordinance.

54. Defendants' conduct violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment and is actionable under 42 U.S.C. § 1983.

## COUNT V
### Declaratory and Mandamus Relief — Failure to Act on Formally Submitted Legislative Proposals

55. Plaintiff incorporates all preceding paragraphs by reference.

56. Standard legislative practice, and the constitutional and common law duties of governing bodies, require that once an item is formally placed on the agenda of a governing body, that body must take some form of formal legislative disposition: a motion to adopt, deny, refer, or table, followed by a recorded vote. Williamsburg County Council consistently applied this procedure to commercial development proposals while systematically failing to apply it to Plaintiff's governance resolutions.

57. Plaintiff requests that this Court issue declaratory relief establishing that Williamsburg County Council's failure to take any recorded legislative action on Plaintiff's five formally submitted resolutions constituted a violation of Plaintiff's constitutional rights and of governing body procedural obligations. Plaintiff further requests that the Court consider whether mandamus or equivalent relief directing the Council to take formal legislative action on the submitted proposals is appropriate.

## COUNT VI
### FOIA Violations — S.C. Code § 30-4-10 et seq.

58. Plaintiff incorporates all preceding paragraphs by reference.

59. The South Carolina Freedom of Information Act, S.C. Code § 30-4-10 et seq., requires public bodies to make public records available upon written request. S.C. Code § 30-4-30 requires written requests but does not mandate use of a specific county-created form as a condition of processing a FOIA request.

60. Defendants violated SCFOIA by: conditioning the processing of Plaintiff's public records requests on submission using a county-created FOIA form not authorized by statute; delaying or refusing to produce public records requested by Plaintiff; and directing Plaintiff to pursue litigation discovery in lieu of FOIA for records relating to the subject matter of this action, in a manner that exceeds the scope of the rule described in Pope v. Wilson, 427 S.C. 377 (2019).

61. Plaintiff seeks declaratory and injunctive relief, and attorneys' fees where authorized, in connection with Defendants' FOIA violations.

## COUNT VII
### State Law Claims — Tortious Interference and Civil Conspiracy

62. Plaintiff incorporates all preceding paragraphs by reference.

63. Defendants' coordinated conduct in obstructing Plaintiff's access to economic development programs, blocking Just Us CPP's community initiatives, and retaliating against Plaintiff for her protected advocacy also gives rise to claims under South Carolina law, including tortious interference with business and nonprofit relations and civil conspiracy. Plaintiff brings these claims pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lathonia Bennett respectfully requests that this Court grant the following relief:

a. A declaration that Defendants' conduct violated Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution and the South Carolina Freedom of Information Act;

b. A permanent injunction requiring Defendants to provide Plaintiff and Just Us CPP equal, non-discriminatory, non-retaliatory access to county economic development programs and resources on the same terms afforded to commercial entities;

c. A permanent injunction requiring Defendants to establish and maintain a functioning Board of Zoning Appeals in compliance with South Carolina law;

d. A permanent injunction prohibiting Defendants from conditioning processing of FOIA requests on submission using a county-created form not authorized by statute;

e. Mandamus or equivalent relief directing Williamsburg County Council to take formal recorded legislative action on the five resolutions submitted by Plaintiff;

f. Compensatory damages for all harm suffered by Plaintiff, including economic losses, harm to Just Us CPP's operations and mission, and reputational harm;

g. Punitive damages against individual Defendants where permitted by law;

h. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and S.C. Code § 30-4-100;

i. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____

**Lathonia Bennett, Pro Se**
P.O. Box 1010
Kingstree, South Carolina 29556
lathonia@justuscpp.org
lathonia@yahoo.com
Dated: __03/11/2026_____

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I served a true and correct copy of the foregoing Amended Complaint upon counsel for Defendants by electronic mail and/or U.S. mail, first class, postage prepaid, as follows:

Daniel C. Plyler / William K. Rees

Smith | Robinson, 3200 Devine Street, Columbia, SC 29205
Daniel.Plyler@SmithRobinsonLaw.com / William.Rees@SmithRobinsonLaw.com

**Lathonia Bennett, Pro Se**
Dated: __03/11/2026_____