# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### FLORENCE DIVISION

| | | |
|---|---|---|
| Lathonia Bennett, | ) | Civil Action No.: 4:26-cv-01034-JD-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Williamsburg County; Williamsburg County Council; Kelvin Washington, County Supervisor, in his official capacity; Hixon Copp, Director of Economic Development, in his official capacity; Amanda Shuler, County Attorney, in her official capacity; Williamsburg County Economic Development Board; Williamsburg County Development Corporation (WCDC), | ) ) ) ) ) ) ) ) ) ) | **DEFENDANTS WILLIAMSBURG COUNTY, WILLIAMSBURG COUNTY COUNCIL, WASHINGTON, COPP, AND WILLIAMSBURG COUNTY ECONOMIC DEVELOPMENT BOARD'S ANSWER TO AMENDED COMPLAINT** |
| | ) | |
| Defendants. | ) | (*Jury Trial Requested*) |
| | ) | |
| | ) | |

Defendants Williamsburg County, Williamsburg County Council, Kelvin Washington, in his official capacity as County Supervisor, Hixon Copp, in his official capacity as Director of Economic Development, and Williamsburg County Economic Development (collectively, "Defendants"), not waiving but specifically incorporating any arguments set forth by Defendants in their pending Motion for Partial Dismissal, hereby answer Plaintiff's Complaint as follows:[1]

## GENERAL RESPONSE

Each and every allegation of Plaintiff's Amended Complaint that is not hereinafter

---

[1] Contemporaneously herewith, Defendants are filing a Motion to Dismiss. By filing this Answer, Defendants do not waive, and expressly preserve, any of the arguments set forth in support of dismissal.

specifically admitted, modified, or explained is denied and strict proof demanded thereof. Defendants are compelled to make a blanket denial of *any* wrongdoing on their behalf regarding the complained allegations asserted by Plaintiff in this matter.

## FOR A FIRST DEFENSE

1.      Plaintiff's Complaint fails to state a claim for which relief shall be granted pursuant to Rule 8 and Rule 12(b)(6) of the Federal Rules of Civil Procedure and, therefore, must be dismissed as a matter of law.

## FOR A SECOND DEFENSE

2.      As to the allegations set forth in the unnumbered "INTRODUCTION" paragraph, to the extent those allegations require a response from Defendants, Defendants deny the same and demand strict proof thereof.  Defendants would further assert that said allegations attempt to establish legal conclusions and therefore crave reference thereto.

3.      As to the allegations set forth in Paragraph 1 of the Amended Complaint, Defendants would show that these allegations imply or refer to parties other than Defendants. Therefore, Defendants lack sufficient knowledge or information so as to form a belief as to the truth of the allegations contained and therefore deny the allegations and demand strict proof thereof.

4.      As to the allegations set forth in Paragraph 2 of the Amended Complaint, Defendants would admit only that Williamsburg County is a political subdivision of the State of South Carolin as defined under the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 *et seq*.  As to the remaining allegations, Defendants would assert that said allegations attempt to establish legal conclusions and therefore crave reference thereto.

2

5.      As to the allegations set forth in Paragraph 3 of the Amended Complaint, Defendants would admit only that Defendant Williamsburg County Council is the governing body of Williamsburg County and possesses legislative and policy-making authority.  As to the remaining allegations, Defendants deny the same and demand strict proof thereof.

6.      As to the allegation set forth in Paragraph 4 of the Amended Complaint, Defendants would admit only that Kelvin Washington serves as County Supervisor for Williamsburg County. As to the remaining allegations, Defendants deny the same and demand strict proof thereof.

7.      As to the allegations set forth in Paragraph 5 of the Complaint, Defendants would admit only that Hixon Copp serves as the Director of Economic Development for Williamsburg County.  As to the remaining allegations, Defendants deny the same and demand strict proof thereof.

8.      As to the allegations set forth in Paragraph 6 of the Amended Complaint, Defendants would admit only that Amanda Shuler serves as the County Attorney for Williamsburg County.  As to the remaining allegations, Defendants deny the same and demand strict proof thereof.

9.      As to the allegations set forth in Paragraph 7 of the Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

10.      As to the allegations set forth in Paragraph 8 of the Amended Complaint, Defendants would show that these allegations imply or refer to parties other than Defendants. Therefore, Defendants lack sufficient knowledge or information so as to form a belief as to the truth of the allegations contained and therefore deny the allegations and demand strict proof thereof.

11.      As to the allegations set forth in Paragraph 9, 10, and 11 of the Amended Complaint,

Defendants assert said allegations are jurisdictional in nature and/or attempt to establish legal conclusions, and therefore Defendants crave reference thereto.

12. As to the allegations set forth in Paragraph 12 of the Amended Complaint, Defendants would show that these allegations imply or refer to parties other than Defendants. Therefore, Defendants lack sufficient knowledge or information so as to form a belief as to the truth of the allegations contained and therefore deny the allegations and demand strict proof thereof.

13. As to the allegations set forth in Paragraphs 13, 14, 15, and 16 of the Complaint, Defendants assert that said allegations attempt to establish legal conclusions and therefore crave reference thereto.

14. As to the allegations set forth in Paragraphs 17 and 18 of the Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

15. As to the allegations set forth in Paragraph 19 of the Amended Complaint, Defendants admit only that a County Council meeting took place on February 17, 2026, and that five resolutions submitted by Plaintiff were listed on the Agenda for the meeting. As to the remaining allegations, Defendants deny same and demand strict proof thereof.

16. As to the allegations set forth in Paragraphs 20, 21, 22, 23, 24, and 25 of the Complaint, Defendants deny the allegations and demand strict proof thereof.

17. As to the allegations set forth in Paragraph 26 of the Amended Complaint, Defendants would only admit that a County Council meeting took place on March 2, 2026. As to the remaining allegations, Defendants deny the same and demand strict proof thereof

18. As to the allegations set forth in Paragraphs 27 and 28 of Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

19.     As to the allegations set forth in Paragraph 29 of the Amended Complaint, Defendants would admit only that Plaintiff submitted numerous requests for information and documents via email to various Williamsburg County officials over an extended period. To the extent those allegations attempt to establish liability on the part of Defendants, those allegations are denied and strict proof demanded thereof.

20.     As to the allegations set forth in Paragraph 30 of the Amended Complaint, Defendants would crave reference to the letter dated March 4, 2026, and deny any inconsistencies therewith.  As to the remaining allegations, Defendants deny the same and demand strict proof thereof.

21.     As to the allegations set forth in Paragraph 31 of the Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

22.     As to the allegations set forth in Paragraph 32 of the Amended Complaint, Defendants would show that these allegations imply or refer to parties other than Defendants. Therefore, Defendants lack sufficient knowledge or information so as to form a belief as to the truth of the allegations contained and therefore deny the allegations and demand strict proof thereof.

23.     As to the allegations set forth in Paragraph 33 of the Amended Complaint, Defendants would only admit that Williamsburg County has not established a Board of Zoning appeals. To the extent those allegations attempt to establish liability on the part of Defendants, those allegations are denied and strict proof demanded thereof. As to the remaining allegations, Defendants deny the same and demand strict proof thereof.

24.     As to the allegations set forth in Paragraph 34 of the Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

25. As to the allegations set forth in Paragraphs 35 and 36 of the Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

26. As to the allegations set forth in Paragraph 37 of the Amended Complaint, Defendants repeat and reiterate their responses to the allegations set forth in the corresponding paragraphs of the Amended Complaint. Defendants object to the jumbling of causes of action.

27. As to the allegations set forth in Paragraphs 39, 40, and 41 of the Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

28. As to the allegations set forth in Paragraph 42 of the Amended Complaint, Defendants repeat and reiterate their responses to the allegations set forth in the corresponding paragraphs of the Amended Complaint. Defendants object to the jumbling of causes of action.

29. As to the allegations set forth Paragraphs 43, 44, and 45 of the Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

30. As to the allegations set forth in Paragraph 46 of the Amended Complaint, Defendants repeat and reiterate their responses to the allegations set forth in the corresponding paragraphs of the Amended Complaint. Defendants object to the jumbling of causes of action.

31. As to the allegations set forth Paragraphs 47, 48, 49, and 50 of the Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

32. As to the allegations set forth in Paragraph 51 of the Amended Complaint, Defendants repeat and reiterate their responses to the allegations set forth in the corresponding paragraphs of the Amended Complaint. Defendants object to the jumbling of causes of action.

33. As to the allegations set forth Paragraphs 52, 53, and 54 of the Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

34.     As to the allegations set forth in Paragraph 55 of the Amended Complaint, Defendants repeat and reiterate their responses to the allegations set forth in the corresponding paragraphs of the Amended Complaint.  Defendants object to the jumbling of causes of action.

35.     As to the allegations set forth in Paragraphs 56 and 57 of the Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

36.     As to the allegations set forth in Paragraph 58 of the Amended Complaint, Defendants repeat and reiterate their responses to the allegations set forth in the corresponding paragraphs of the Amended Complaint.  Defendants object to the jumbling of causes of action.

37.     As to the allegations set forth in Paragraphs 59, 60, and 61 of the Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

38.     As to the allegations set forth in Paragraph 62 of the Amended Complaint, Defendants repeat and reiterate their responses to the allegations set forth in the corresponding paragraphs of the Amended Complaint.  Defendants object to the jumbling of causes of action.

39.     As to the allegations set forth Paragraph 63 of the Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

40.     As the allegations and requests for relief set forth in the unnumbered "WHEREFORE" paragraph, including subparts a – i, Defendants deny the allegations and requests for relief and demand strict proof thereof.

41.     Defendants deny Plaintiff is entitled to the relief sought in her Amended Complaint, or any other relief, from Defendants.

### FOR A THIRD DEFENSE

42.     The Plaintiff has failed to establish a justiciable claim against Defendants.

**FOR AN FOURTH DEFENSE**

43.     To the extent Plaintiff has alleged state law claims sounding in tort, Defendants are entitled to absolute employee immunity as set forth in S.C. Code Ann. § 15-78-70(a), and therefore should be dismissed as an improper party.

**FOR A FIFTH DEFENSE**

44.     Pursuant to S.C. Code Ann. § 15-78-120(b), Defendants would move to strike any claim for costs, or punitive or exemplary damages, as such are not recoverable from Defendants.

**FOR A SIXTH DEFENSE**

45.     To the extent Plaintiff has alleged state law claims sounding in tort, even if Defendants were a proper party to such claims, which Defendants are not, Defendants would assert the damages caps and prohibition against recovery of punitive or exemplary damages set forth in the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-120.

**FOR A SEVENTH DEFENSE**

46.     Defendants would allege, upon information and belief, the employees of Defendant Williamsburg County were not guilty of either corruption, bad faith, or malicious motives during the performance or nonperformance of their duties. Moreover, at all times referenced in Plaintiff's Amended Complaint, these employees were exercising discretionary authority as public employees, acting reasonably and in good faith, and therefore are immune from suit.

**FOR AN EIGHTH DEFENSE**

47.     Defendants are entitled to sovereign immunity.

## FOR A NINTH DEFENSE

48.     Defendants would assert that Plaintiff lacks standing to bring the claims asserted in the Complaint because the alleged harms are generalized grievances shared with the public at large, not particularized injuries personal to Plaintiff.

## FOR A TENTH DEFENSE

49.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust available administrative remedies prior to initiating this action.

## FOR AN ELEVENTH DEFENSE

50.     Plaintiff seeks to compel discretionary or legislative actions by Defendants rather than the performance of a clear, ministerial duty imposed by law, and therefore, mandamus relief is unavailable.

## FOR A TWELFTH DEFENSE

51.     Any claim for economic losses, including alleged lost grant opportunities and unrealized revenue from prospective nonprofit-government partnerships, are speculative, contingent upon the independent actions of third parties, and not recoverable as a matter of law.

## FOR A THIRTEENTH DEFENSE

52.     That, upon information and belief, any damages or injuries alleged in the Complaint were due to and proximately caused by the sole negligence, recklessness, willfulness, and wantonness of a third party over which Defendants had no control, and therefore Defendants are not liable to Plaintiff for such actions in any way.

## FOR A FOURTEENTH DEFENSE

53.     Defendants allege, upon information and belief, that any injuries or damages alleged in the Complaint were due to, occasioned by, or caused by intervening acts or omissions

on the part of someone other than Defendants, without which acts and/or omissions Plaintiff would not have sustained injuries or damages set forth in the Amended Complaint, all of which Defendants plead as a complete bar to this action.

## FOR A FIFTEENTH DEFENSE

54.    Defendants assert that the principle of *respondeat superior* does not apply to actions brought pursuant to 42 U.S.C. §1983.

## FOR A SIXTEENTH DEFENSE

55.    Defendants would allege that one or more of Plaintiff's claims are barred by the applicable statute of limitations, including the two-year statute of limitations period of the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-110, and the three-year limitations period applicable to claims brought under 42 U.S.C. § 1983.

## FOR A SEVENTEENTH DEFENSE

56.    Defendants would allege that Plaintiff seeks relief that would directly extinguish or impair the legal rights of third parties not named in this action.  Because complete relief cannot be accorded without joinder of these indispensable parties, and their absence creates a substantial risk of inconsistent obligations and prejudice to their legally protected interests, dismissal is appropriate.

## FOR AN EIGHTEENTH DEFENSE

57.    Defendants would assert that Plaintiff's requested relief asks this Court to direct the internal legislative operations of Williamsburg County Council in violation of the separation of powers doctrine. These matters are committed by law to the discretion of democratically elected officials and present nonjusticiable political questions that are not subject to judicial resolution.

## FOR A NINETEENTH DEFENSE

58.     Defendants would allege that at no time have Defendants violated any clearly established constitutional rights which were known or should have been known to Defendants, and therefore Defendants are entitled to immunity.

## FOR A TWENTIETH DEFENSE

59.     The actions of Defendants, at all times relevant to the allegations set forth in the Complaint, were objectively reasonable under the existing law, and therefore Defendants are entitled to immunity.

## FOR A TWENTY-FIRST DEFENSE

60.     The Plaintiff has failed to establish a justiciable claim against Defendants.

## FOR A TWENTY-SECOND DEFENSE

61.     Defendants and/or their employees are governmental officials performing discretionary functions and actions which could reasonably have been thought consistent with the rights of Plaintiff, for which Defendants are alleged to have violated, and therefore Defendants are entitled to immunity as a matter of law.

## FOR A TWENTY-THIRD DEFENSE

62.     Defendants in their official capacity are entitled to sovereign immunity for all claims for punitive damages.  Punitive damages are not recoverable under 42 U.S.C. § 1983 against Defendants.

## FOR A TWENTY-FOURTH DEFENSE

63.     Defendants are entitled to absolute immunity under *Long v. Seabrook* and its progeny.

11

**FOR A TWENTY-FIFTH DEFENSE**

64.     Defendants would allege that any and all claims for punitive damages that have been asserted against them are barred by the common law of the United States and the State of South Carolina.

**FOR A TWENTY-SIXTH DEFENSE**

65.     Defendants deny that Plaintiff has established a justiciable claim against them, and deny that Plaintiff's claims are actionable under 42 U.S.C. § 1983.

**FOR A TWENTY-SEVENTH DEFENSE**

66.     Defendant Williamsburg County specifically asserts that punitive damages are not recoverable from it in this matter.  *See City of Newport v. Fact Concerts, Inc*., 453 U.S. 247, 101 S.Ct. 2748 (1981); *see also* S.C. Code Ann. § 15-78-120.

**FOR A TWENTY-EIGHTH DEFENSE**

67.     Defendants Washington and Copp are entitled to absolute employee immunity, and must be dismissed.  *See* S.C. Code Ann. § 15-78-70.

**FOR A TWENTY-NINTH DEFENSE**

68.     To the extent Plaintiff has alleged state law claims sounding in tort, even if Defendants were a proper party to such claims, which Defendants are not, Defendants are immune from suit pursuant to the provisions of S.C. Code Ann. §§ 15-78-60.

**FOR A THIRTIETH DEFENSE**

69.     Defendants reserve any additional and affirmative defenses as may be revealed or become available to them during the course of their investigation and/or discovery in the case that is consistent with the South Carolina Rules of Civil Procedure.

WHEREFORE, having fully answered the Complaint of Plaintiff, Defendants pray that the Complaint be dismissed with prejudice, for the costs of this action, and for such other and further relief as the Court deems just and proper.

SMITH │ ROBINSON

_s/ Daniel C. Plyler_

DANIEL C. PLYLER, Fed. ID No. 9762
WILLIAM K. REES, Fed. ID No. 14684
3200 Devine Street
Columbia, SC 29205
T: 803-254-5445
F: 803-254-5007
Daniel.Plyler@SmithRobinsonLaw.com
William.Rees@SmithRobinsonLaw.com

*Counsel for Defendants Williamsburg County, Williamsburg County Council, Williamsburg County Economic Development Board, Washington and Copp*

April 7, 2026