# IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

Lathonia Bennett, DDS, and
JustUs Community Perpetualization Project, Inc.,
Plaintiffs,

v.

Williamsburg County; Williamsburg County Council;Kelvin Washington, County Supervisor, in his
official and individual capacities;Hixon Copp, Director of Economic Development, in his official and
individual capacities;Amanda Shuler, County Attorney, in her official and individual
capacities;Williamsburg County Economic Development Board;Williamsburg County Development
Corporation (WCDC),
Defendants.

Civil Action No.: 4:26-cv-01034-JD-PJG

PLAINTIFF'S NOTICE OF SUBMISSION OF EXPERT AND POLICY FRAMEWORK EXHIBITS
IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER, MOTION FOR
STRUCTURAL INJUNCTIVE RELIEF, AND PETITION FOR WRIT OF MANDAMUS

(EXHIBIT GROUP I — ENVIRONMENTAL JUSTICE, LOCAL SELF-RELIANCE, AND
DISCRETION VS. DUTY)

Plaintiff Lathonia Bennett, DDS, proceeding pro se, and on behalf of JustUs Community Perpetualization Project, Inc., respectfully submits this Notice to inform the Court and Defendants of the submission of **Exhibit Group I — Expert and Policy Evidence** in further support of Plaintiff's pending:

- Motion for Temporary Restraining Order;

- Motion for Structural Injunctive Relief and Appointment of Court Monitor; and

- Petition for Writ of Mandamus.

## EXHIBIT GROUP I — EXPERT AND POLICY EVIDENCE

### Exhibit I-1 — Dr. Robert D. Bullard: Environmental Justice and Siting in Black Communities

**Description:** Excerpts from published work by Dr. Robert D. Bullard, including *Environmental Justice in the 21st Century* and *Dumping in Dixie: Race, Class, and Environmental Quality*, documenting the systematic disproportionate siting of hazardous and industrial facilities in Black communities, often without adequate disclosure, public notice, or meaningful community participation.

**Purpose and Relevance:** Dr. Bullard's scholarship and expert testimony establish a nationally recognized environmental justice framework showing that unbounded local discretion in siting and permitting decisions has historically produced racially disparate environmental harms when affected communities are denied information and excluded from process. Williamsburg County's pursuit of large-scale industrial and solar development, management of PFAS-related risks, and concealment of contamination data in a predominantly Black, rural county is consistent with the documented patterns Dr. Bullard identifies. These materials support Plaintiff's TRO showing of irreparable harm and her § 1983 and § 1985(3) claims by establishing that exclusion from environmental decision-making in Black communities is a recognized civil rights concern, not a mere policy disagreement.

### Exhibit I-2 — Institute for Local Self-Reliance (ILSR): Local Governance, Infrastructure, and Community Self-Reliance

**Description:** Policy materials from the Institute for Local Self-Reliance, including *Keep Compost Local: A Roadmap for Local Governments* and selected publications on community-controlled broadband and utility governance, describing best-practice models in which local governments decentralize infrastructure control and collaborate with community actors rather than concentrating authority in opaque, unaccountable entities.

**Purpose and Relevance:** These materials demonstrate that Plaintiff's proposed Recreation and Broadband Special Purpose Districts are consistent with nationally recognized models for community-responsive infrastructure governance, and that the current governance model in Williamsburg County — in which the same interlocked network simultaneously controls County Council, WCDC, WCEDB, Santee Electric, and regional development bodies with no independent appeals process — is structurally at odds with those established best practices. These materials respond directly to Defendants' characterization of Plaintiff's governance proposals as idiosyncratic preferences rather than recognized policy models, and support the public interest prong of Plaintiff's TRO and Structural Injunctive Relief arguments.

### Exhibit I-3 — Public Duty Doctrine and Limits on Administrative Discretion

**Description:** Legal scholarship and public-law analysis on the public duty doctrine and the distinction between policy-level discretion and specific ministerial duties owed to identifiable individuals, including materials addressing when courts enforce governmental duties notwithstanding general grants of discretion.

**Purpose and Relevance:** These authorities support Plaintiff's position that Defendants cannot invoke "discretion" as a blanket shield when specific procedural duties — including compliance with the South Carolina Ethics Act, FOIA obligations, open-meeting requirements, honest agenda administration, and basic due process in land-use approvals — are violated or ignored. Courts recognize a clear line between high-level policy choices, which are largely non-justiciable, and ministerial duties owed to specific individuals or classes, which remain fully subject to judicial enforcement. Plaintiff's Petition for Writ of Mandamus seeks enforcement of the latter category, not judicial supervision of the former. These materials also support Plaintiff's response to Defendants' separation-of-powers and political question

arguments by demonstrating that structural remedies narrowly targeted at documented procedural failures are well within this Court's equitable authority.

## EXPERT AND POLICY ARGUMENT: DISCRETION HAS LIMITS WHERE DUTIES AND RIGHTS EXIST

The materials in Exhibit Group I establish three interlocking legal and policy principles directly applicable to Plaintiff's pending motions.

**First,** environmental justice scholarship (Exhibit I-1) demonstrates that governmental "discretion" in siting, permitting, and environmental disclosure has historically been weaponized to concentrate risk in Black communities while denying those communities the information and participation necessary to challenge those decisions. The pattern documented here — PFAS contamination concealed for nine years, industrial approvals rushed through without environmental review, and a Black community activist systematically excluded from the development process through a closed network of interlocked governance actors — falls squarely within the civil rights concerns Dr. Bullard's work identifies.

**Second,** policy research on local self-reliance (Exhibit I-2) confirms that transparent, community-responsive governance structures — including independent boards, citizen appeals mechanisms, and decentralized infrastructure control — are nationally recognized best practices. Plaintiff is not asking this Court to invent a new governance model; she is asking it to remove structural blockages so that Williamsburg County can adopt frameworks that already exist in practice and policy.

**Third,** public-law analysis on the limits of discretion (Exhibit I-3) establishes that where statutes and constitutions create procedural rights — including FOIA entitlements, ethics obligations, open-meeting requirements, and fair access to governmental agenda processes — those rights are not dissolved by the general label of "discretion." The Petition for Writ of Mandamus seeks enforcement of specifically constrained ministerial duties, not a blank mandate for the Court to direct local governance policy.

Accordingly, Plaintiff respectfully requests that the Court consider Exhibit Group I in full in ruling on her pending motions and in evaluating Defendants' arguments that the challenged conduct is non-justiciable, discretionary, or a political question.

Respectfully submitted this 26th day of April, 2026.



**Lathonia Bennett, DDS**

Plaintiff, Pro Se

JustUs Community Perpetualization Project. Inc.

P.O. Box 1010

Kingstree, South Carolina 29556

Telephone: (843) 800-0087

Email: lathonia@justuscpp.org

## CERTIFICATE OF SERVICE

I hereby certify that on April 26th 2026, I served a true and correct copy of the foregoing **Plaintiff's Notice of Submission of Expert and Policy Framework Exhibits (Exhibit Group I)** on counsel of record for Defendants by electronic mail and United States Mail, first-class postage prepaid, as follows:

**Daniel C. Plyler, Esq.**

**William K. Rees, Esq.**

Smith Robinson Holler DuBose Morgan, LLC

3200 Devine Street

Columbia. South Carolina 29205

Daniel.Plyler@SmithRobinsonLaw.com

William.Rees@SmithRobinsonLaw.com

*Counsel for Defendants Williamsburg County, Williamsburg County Council, Kelvin Washington, Hixon Copp, and Williamsburg County Economic Development Board*

**Steve A. Matthews, Esq.**

Haynsworth Sinkler Boyd, P.A.

1201 Main Street, 22nd Floor

Columbia. South Carolina 29201

smatthews@hsblawfirm.com

Counsel for Defendants Amanda Shuler and Williamsburg County Development Corporation

Lathonia Bennett, DDS

Plaintiff, Pro Se