IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION


LATHONIA BENNETT,                                )
        Plaintiff,                                   )Civil Action No. 4:26-cv-01034-JD-PJG
                                                     )
v.                                               )
                                                     )
WILLIAMSBURG COUNTY; WILLIAMSBURG                )     PLAINTIFF'S REPLY IN
SUPPORT OF
COUNTY COUNCIL; KELVIN WASHINGTON,               )     RENEWED EMERGENCY
MOTION FOR
County Supervisor, in his official capacity;     )     TEMPORARY RESTRAINING
ORDER
HIXON COPP, Director of Economic                 )     AND PRELIMINARY
INJUNCTION
Development, in his official capacity;            )
AMANDA SHULER, County Attorney, in her           )
individual and official capacities;              )
WILLIAMSBURG COUNTY ECONOMIC                     )
DEVELOPMENT BOARD; WILLIAMSBURG                  )
COUNTY DEVELOPMENT CORPORATION                   )
(WCDC),                                          )
        Defendants.                                  )

RCV'D – USDC COLA SC
JUN 1 '26 PM4:16

---

Plaintiff Lathonia Bennett, proceeding *pro se*, respectfully submits this Reply in Support of

her Renewed Emergency Motion for Temporary Restraining Order and Preliminary

Injunction (ECF No. 83), and in response to Defendants' Response in Opposition (ECF No.

90). Defendants' Opposition rests on a single argument—that the requested injunction

would purportedly bind non-parties and is therefore unenforceable. That argument

mischaracterizes the relief sought, ignores well-settled Fourth Circuit authority permitting injunctions against named defendants whose own conduct (and that of their agents) drives the challenged construction activity, and provides no basis to deny emergency relief in the face of ongoing, irreparable harm.

## ARGUMENT

### I. The Requested Injunction Is Directed At Defendants—Not Non-Parties—And Is Fully Enforceable Under Federal Rule of Civil Procedure 65(d)(2).

Defendants' sole argument is that an injunction would be *"unenforceable and therefore futile"* because it would operate against entities that have not been joined or served. (ECF No. 90 at 1–2.) This is incorrect for three independent reasons.

*First*, the Renewed Motion expressly seeks to enjoin the named Defendants— Williamsburg County, the Williamsburg County Council, the Williamsburg County Economic Development Board, the Williamsburg County Development Corporation, and the named individual Defendants in their official capacities—from authorizing, funding, permitting, directing, or otherwise causing the challenged construction activity to proceed. Each of these Defendants is a party. Each has been served. And each exercises direct legal authority over the project Plaintiff seeks to halt. An injunction so directed binds the parties before the Court; it does not purport to reach anyone else.

*Second*, Federal Rule of Civil Procedure 65(d)(2) expressly provides that an injunction binds not only the parties, but also *"the parties' officers, agents, servants, employees, and attorneys"*, and *"other persons who are in active concert or participation"* with them. Fed. R. Civ. P. 65(d)(2)(A)–(C). Contractors, subcontractors, and other third parties acting at the

direction of, or in active concert with, the named Defendants are therefore reachable by an injunction issued against the Defendants themselves. *See Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945) (Rule 65(d) *"is derived from the common-law doctrine that a decree of injunction not only binds the parties defendant but also those identified with them in interest, in 'privity' with them, represented by them or subject to their control."*)

**Third**, Defendants' own authorities do not support the broad rule they advance. *G. & C. Merriam Co. v. Webster Dictionary Co.*, 639 F.2d 29 (1st Cir. 1980), in fact confirms that nonparties *can* be bound by an injunction where they are *"in active concert or participation"* with an enjoined party—precisely the scenario Rule 65(d)(2) contemplates. *Id.* at 35–37. *R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943 (4th Cir. 1999), is an *in rem* admiralty decision concerning a salvage court's authority over the wreck site and absent third-party divers; it has no bearing on a district court's well-settled equitable power to enjoin parties properly before it. Neither case stands for the proposition Defendants advance here—that a court is powerless to enjoin named Defendants from authorizing, directing, or paying for the very conduct Plaintiff seeks to halt.

## II.  Defendants Do Not Contest That Plaintiff Has Established Each Element Required For Injunctive Relief.

Notably, Defendants' Opposition does not address—much less rebut—the substantive showing required under *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008): (1) likelihood of success on the merits; (2) likelihood of irreparable harm absent preliminary relief; (3) that the balance of equities tips in Plaintiff's favor; and (4) that an

injunction is in the public interest. *See also Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 346–47 (4th Cir. 2009).

Defendants' failure to engage with the merits is telling. By relying exclusively on a flawed enforceability argument, Defendants effectively concede that Plaintiff has satisfied her burden on each *Winter* factor. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) (arguments not raised in opposition are waived).

### III.   The Ongoing Construction Activity Will Cause Irreparable Harm Absent Immediate Relief.

As detailed in the Renewed Motion, the construction activity at issue is rapidly altering the property and conditions that form the basis of Plaintiff's claims. Each day of continued construction further entrenches the very harm Plaintiff seeks to prevent and makes meaningful equitable relief progressively more difficult—if not impossible—to fashion. The Fourth Circuit has long recognized that the destruction or permanent alteration of property pending litigation is the paradigmatic form of irreparable injury for which preliminary injunctive relief exists. Damages cannot reconstruct what construction has already torn down or built over; only an order halting the work pending resolution of the merits can preserve the status quo and protect this Court's ability to grant meaningful final relief.

### IV.   Plaintiff's Pro Se Status Warrants A Liberal Construction Of Her Filings.

To the extent Defendants suggest any technical deficiency in the relief sought, Plaintiff respectfully reminds the Court that pro se filings *"must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner*, 404 U.S.

519, 520 (1972). Plaintiff's Renewed Motion plainly seeks to restrain the named

Defendants and those acting in concert with them—a request the Court may properly grant

under Rule 65(d)(2) even if the precise contours of the order are clarified at the hearing.

## CONCLUSION

For the reasons set forth above and in the Renewed Motion (ECF No. 83), Defendants'

Opposition fails to identify any legal or equitable basis for denying emergency relief.

Plaintiff respectfully requests that this Honorable Court grant the Renewed Emergency

Motion for Temporary Restraining Order and Preliminary Injunction, enjoin the named

Defendants and all persons acting in concert with them from continuing the challenged

construction activity pending final resolution of this action, and grant such other and

further relief as the Court deems just and proper.

Respectfully submitted,

Lathonia Bennett, Plaintiff Pro Se
P.O. Box 1010
Kingstree, SC 29556
Email: lathonia@yahoo.com
Dated: May 20th, 2026

### CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2026, a true and correct copy of the

foregoing *Plaintiff's Reply in Support of Renewed Emergency Motion for Temporary*

*Restraining Order and Preliminary Injunction* was served upon counsel for Defendants by

U.S. Mail and/or electronic mail, addressed as follows:

Daniel C. Plyler, Esq.

William K. Rees, Esq.

SMITH | ROBINSON

3200 Devine Street

Columbia, SC 29205

Daniel.Plyler@SmithRobinsonLaw.com

William.Rees@SmithRobinsonLaw.com

Counsel for Williamsburg County, Williamsburg County Council, Williamsburg County

Economic Development Board, Kelvin Washington, and Hixon Copp

Steve A. Matthews, Esq.

HAYNSWORTH SINKLER BOYD, P.A.

1201 Main Street, Columbia, SC 29201-3226

P.O. Box 11889, Columbia, SC 29211-1889

smatthews@hsblawfirm.com

Counsel for Amanda Shuler and Williamsburg County Development Corporation

_____

Lathonia Bennett, Plaintiff Pro Se