**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**FLORENCE DIVISION**

Lathonia Bennett,
    Plaintiff,

v.

Williamsburg County; Williamsburg County Council;
Kelvin Washington, County Supervisor, in his
official capacity; Hixon Copp, Director of
Economic Development, in his official capacity;
Amanda Shuler, County Attorney, in her official
capacity; Williamsburg County Economic
Development Board; Williamsburg County
Development Corporation (WCDC),
    Defendants.

RCV'D - USDC COLA SC
JUN 1 '26 PM4:14

Civil Action No.: 4:26-cv-01034-JD-PJG

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION**

**FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**INTRODUCTION**

Defendants oppose Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 26) on three grounds: undue prejudice, bad faith, and futility. None of those grounds, assessed under the applicable legal standard, is sufficient to deny amendment. Defendants bear the burden under Foman v. Davis, 371 U.S. 178, 182 (1962), and Laber v. Harvey, 438 F.3d 404, 428 (4th Cir. 2006), to demonstrate that leave to amend "shall be freely given" only when a specific, cognizable ground for denial is established. They have not done so. Moreover, courts in this Circuit hold pro se pleadings to a less stringent standard and afford pro se litigants reasonable latitude to clarify and refine their claims. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Plaintiff respectfully requests that leave be granted and the Second Amended Complaint ("SAC") be accepted for filing.

**ARGUMENT**

**I. Defendants Have Not Established Undue Prejudice.**

The prejudice standard under Rule 15 requires more than the ordinary burden of litigation. Under Laber, an amendment is not prejudicial "if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." 438 F.3d at 427. Courts have consistently recognized that prejudice at the pleading stage — before any scheduling order deadline has passed and before discovery has opened — is diminished, not amplified.

Defendants' prejudice argument rests on the assertion that they have incurred costs responding to successive pleadings and that the SAC is longer and more comprehensive than what Plaintiff described in her motion. Neither fact establishes undue prejudice as a matter of law. This case remains entirely at the pleading stage. No scheduling order deadlines have been missed, no discovery has been initiated, and no trial date has been set. Defendants' litigation expense to date reflects the normal cost of responding to pleadings — including their own repeated motions to dismiss — not a cognizable harm attributable to bad faith amendment.

To the extent Defendants argue that the SAC is broader than three post-filing events, that observation does not establish prejudice — it is simply a description of the scope of amendment, which is governed by Rule 15(a)(2)'s "justice so requires" standard, not by the narrowness of any prior characterization.

**II. The SAC Was Not Filed in Bad Faith and Was Not Tailored to Evade Defendants' Arguments.**

Defendants argue that the SAC was "tailored to evade" arguments raised in their second Motion to Dismiss (ECF No. 45), filed April 7, 2026. That characterization is factually incorrect. Plaintiff transmitted the proposed SAC to defense counsel via email on April 7, 2026 — the same date ECF No. 45 was filed. A document cannot be crafted in response to arguments that had not yet been received. Defendants' own narrative, accepted on its face, confirms that the SAC and their renewed motion were prepared on parallel tracks, not in sequence.

The SAC's expanded scope reflects two legitimate and independently verifiable explanations. First, the SAC responds to deficiencies Defendants themselves identified in prior motions. Defendants argued that Washington and Copp were improper defendants because official-capacity claims duplicated those against the County; the SAC accordingly asserts individual-capacity claims. Defendants argued that the First Amended Complaint lacked specificity and structural clarity; the SAC organizes allegations chronologically, identifies each defendant's role, and ties factual allegations to specific constitutional provisions. Responding to a Rule 12(b)(6) motion by addressing the deficiencies it identifies is not bad faith. It is the precise purpose for which Rule 15 exists.

Second, the additional factual allegations and exhibits incorporated in the SAC — including recent FOIA responses, government documents, and records from related public entities — could not have been pleaded earlier because they did not exist or were not available when prior pleadings were filed. Throughout the course of this litigation, Plaintiff has had to submit FOIA requests to county, state, and other governmental bodies to obtain records that should have been readily available but were not voluntarily disclosed. The time required to pursue those requests, receive responsive records, and incorporate them into a coherent pleading is not delay caused by bad faith. It is the practical consequence of

pleading against actors whose own alleged conduct includes the suppression and non-disclosure of public records.

The Fourth Circuit has recognized that amendment should not be denied on bad faith grounds absent evidence of dilatory motive or intent to harass. Foman, 371 U.S. at 182. No such evidence exists here. The amendment window established by this Court's scheduling order has not closed, no prejudicial reliance has been placed on the prior pleading, and the SAC reflects a good-faith effort to present the most complete and accurate account of the facts as those facts have become documentable.

Defendants further contend that pre-2026 factual allegations "should have been included from the beginning." That argument fails to account for how Plaintiff has necessarily obtained this evidence. Key documentary records incorporated in the SAC — including FOIA responses from the Williamsburg County Development Corporation and an initial determination issued by the Office of the Governor on April 13, 2026, acknowledging the existence of potentially responsive records regarding Plaintiff's February 21, 2025 board and commission application, the vacancy and screening process, and communications between state and county officials regarding Plaintiff's candidacy and the role of county liaisons — were not in Plaintiff's possession at the time of earlier pleadings. They were obtained through formal FOIA requests that took months to process, and some arose from post-filing conduct that could not have been anticipated. A pro se plaintiff who must pursue government records through statutory channels before she can plead their contents cannot be faulted for the time those channels require, particularly where the actors she is suing are themselves among the bodies from which she seeks disclosure.

Defendants repeatedly described Plaintiff's earlier pleadings as unclear, fragmented, and difficult to parse. The SAC is a direct answer to those criticisms: it organizes the chronology, specifies the role of each defendant, and ties documentary support to the

allegations with greater precision. Rule 15 exists for exactly that purpose, and a plaintiff should not be found to have acted in bad faith for clarifying the very deficiencies that Defendants themselves claimed prevented them from understanding the case.

### III. Defendants Have Not Demonstrated Futility Under the Applicable Standard.

An amendment is futile only if it is "clearly insufficient or frivolous on its face," Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986), or where the complaint "fails to withstand Rule 12(b)(6) scrutiny." In re Triangle Capital Corp. Sec. Litig., 988 F.3d 743, 750 (4th Cir. 2021). That is a high bar. Defendants must demonstrate, not merely assert, that the SAC fails to state a claim as a matter of law. Defendants have not done so. Their futility section offers two contentions.

First, Defendants argue that any reference to JustUs Community Perpetualization Project, Inc. ("JustUs CPP") is futile because a non-attorney may not represent a corporate entity in federal court. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993). Plaintiff does not dispute that rule and does not seek, through this motion or the proposed SAC, to appear as legal counsel for JustUs CPP or to prosecute independent organizational claims without counsel. The allegations concerning JustUs CPP are included solely to provide factual context for Plaintiff Bennett's own injury, standing, and the broader impact of Defendants' conduct — not to require the Court at this stage to recognize JustUs CPP as a separately appearing pro se party.

Second, Defendants assert global futility by incorporating their second Motion to Dismiss by reference, arguing that the SAC fails to remedy standing defects and separation-of-powers concerns. That argument does not satisfy the futility standard on a Rule 15 motion. Defendants offer no paragraph-specific analysis of the SAC's new allegations, do not engage with the additional standing theories set forth in paragraph 12A and related

provisions, and do not address Count VIII's Fourth Amendment claim or the Monell liability theory under Pembaur v. City of Cincinnati, 475 U.S. 469 (1986). A bare cross-reference to a pending motion to dismiss, without substantive engagement with the amended pleading, does not establish that the SAC cannot survive a Rule 12(b)(6) motion as a matter of law.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the Second Amended Complaint. The SAC was prepared in good faith, within the Court's amendment window, in direct response to Defendants' own arguments, and incorporating documentary evidence that only became available through the FOIA process during the course of this litigation. Defendants have not established undue prejudice, bad faith, or futility under the controlling standard. Justice requires that this case proceed on a complete and accurate pleading.

Respectfully submitted,

Lathonia Bennett, **DDS**
Pro Se Plaintiff
**JustUs CPP**
P.O. Box 1010
Kingstree, South Carolina 29556
lathonia@justuscpp.org
Dated: April 13, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of April, 2026, I served a true and correct copy of the foregoing Plaintiff's Reply in Support of Motion for Leave to File Second Amended Complaint upon the following counsel of record by electronic mail and U.S. Mail:

Daniel C. Plyler, Esq.
William K. Rees, Esq.

Smith Robinson Holler DuBose & Morgan, LLC
3200 Devine Street
Columbia, South Carolina 29205
Daniel.Plyler@SmithRobinsonLaw.com
William.Rees@SmithRobinsonLaw.com

Steve Matthews, Esq.
Haynsworth Sinkler Boyd, P.A.
1201 Main Street, 22nd Floor
Columbia, South Carolina 29201
smatthews@hsblawfirm.com

Lathonia Bennett, Pro Se Plaintiff