## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

## FLORENCE DIVISION

| | | |
|---|---|---|
| **DR. LATHONIA BENNETT, DDS,** | ) | |
| Plaintiff, | ) | |
| **v.** | ) | Civil Action No. 4:26-cv-01034-JD-PJG |
| **WILLIAMSBURG COUNTY,** | ) | |
| **SOUTH CAROLINA, et al.,** | ) | |
| Defendants. | ) | |

RCVD - USDC COLA SC
JUN 1 '26 PM4:13

### PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff Dr. Lathonia Bennett, DDS, pro se, respectfully moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 15(a)(2) and this Court's Order of May 1, 2026 (ECF No. 78), for leave to file the proposed Second Amended Complaint ("SAC") attached hereto, and in support states as follows:

### I. PROCEDURAL BACKGROUND

1. This action was originally filed February 13, 2026 in the Court of Common Pleas for Williamsburg County and removed to this Court on March 10, 2026 (ECF No. 1).

2. On March 23, 2026, the Court granted Plaintiff's motion to amend as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B), and the operative Amended Complaint was docketed at ECF No. 18.

3. Defendants filed motions to dismiss the Amended Complaint at ECF Nos. 45 (Williamsburg County, Council, Washington, Copp, WCEDB) and ECF No. 47 (Shuler) on April 7, 2026.

4. Plaintiff timely moved for leave to file a Second Amended Complaint at ECF Nos. 26 and 63. By Order dated May 1, 2026 (ECF No. 78), the Court denied those motions without prejudice and granted Plaintiff leave to refile a proper motion and proposed amended complaint on or before May 15, 2026.

5. This Motion and the attached SAC are filed in compliance with ECF No. 78. To the extent this Motion is filed after May 15, 2026, Plaintiff respectfully seeks acceptance of the filing for good cause shown under Federal Rule of Civil Procedure 6(b)(1)(B), as set forth in Section V below.

## II. LEGAL STANDARD

Rule 15(a)(2) instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit has explained that this directive is "to be liberally construed," and leave to amend should be denied only where the amendment would be "prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). None of those factors is present here.

## III. GROUNDS FOR LEAVE

6. No prejudice. The case remains in its pleading stage. Discovery is open through July 8, 2026 under the Court's Scheduling Order (ECF No. 20). Defendants will have a full and fair opportunity to answer or otherwise respond to the SAC.

7. No bad faith. Plaintiff has at all times sought to comply with the Federal Rules, the Local Civil Rules, and this Court's directives. The proposed SAC addresses, in good faith, every pleading concern raised in Defendants' motions to dismiss; organizes allegations chronologically; identifies each Defendant's personal conduct; and incorporates documentary evidence obtained through formal Freedom of Information Act processes during the pendency of this action.

8. No futility. The proposed SAC pleads particularized facts in support of eight Counts, including First Amendment retaliation, viewpoint discrimination, Equal Protection (class-of-one and racial disparate impact), Fourteenth Amendment due process, mandamus, South Carolina FOIA, civil conspiracy, and Fourth Amendment unlawful show of authority. Each Count is supported by self-authenticating public records under Fed. R. Evid. 902(4); party admissions under Fed. R. Evid. 801(d)(2), including Defendant Shuler's written admission already on the docket at ECF No. 22-1, page 15 of 17; and witness declarations under 28 U.S.C. § 1746.

9. Concurrent filing of all attachments. Pursuant to the Court's directive against piecemeal submissions, this Motion is filed concurrently with: (a) the proposed Second Amended Complaint; (b) the Updated Exhibit Index identifying each exhibit and its evidentiary purpose; and (c) the full set of exhibits referenced therein, filed as separate attachments with descriptive docket-entry names in accordance with Judge Gossett's Standard Preference No. 5.

## IV. SUPERSESSION AND MOOTNESS

Upon entry of the Second Amended Complaint, the existing Amended Complaint (ECF No. 18) is superseded and rendered of no legal effect. Young v. City of Mount Rainier, 238 F.3d 567, 572 (4th Cir. 2001). Consistent with this Court's Order of March 23, 2026 (ECF No. 17), which applied that rule earlier in this case, the pending motions to dismiss at ECF Nos. 45 and 47 will likewise become moot upon entry of the Second Amended Complaint.

## V. GOOD CAUSE FOR ANY LATE FILING UNDER RULE 6(b)(1)(B)

10. To the extent any portion of this filing is received by the Court after the May 15, 2026 deadline set forth in ECF No. 78, Plaintiff respectfully requests that the Court accept the filing for good cause shown under Federal Rule of Civil Procedure 6(b)(1)(B), which authorizes the Court to extend the time on motion made after the time has expired "if the party failed to act because of excusable neglect."

11. The controlling standard is set forth in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993), which directs the Court to weigh four equitable factors: (i) the danger of prejudice to the opposing parties; (ii) the length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay, including whether it was within the reasonable control of the moving party; and (iv) whether the moving party acted in good faith. Each factor weighs in Plaintiff's favor.

12. No prejudice to Defendants. Defendants already have the operative pleading (the Amended Complaint at ECF No. 18) and have fully briefed their dispositive theories in the motions to dismiss at ECF Nos. 45 and 47. The proposed Second Amended Complaint does not introduce new parties or new core causes of action; it strengthens the existing pleading with

documentary citations and particularized factual detail. Defendants will have a full and fair opportunity to answer or otherwise respond.

13. Minimal delay. The delay is measured in days, not weeks or months. The case remains in its pleading stage; discovery is open through July 8, 2026; the dispositive-motion deadline is August 7, 2026 (ECF No. 20). The brief delay has no material impact on the case schedule.

14. Reason for delay. On April 6, 2026, Plaintiff filed her Emergency Motion for Protective Order, Motion to Preserve Evidence, and Motion for Sanctions (ECF No. 44), supported by a sworn Declaration under 28 U.S.C. § 1746 describing the unauthorized access to Plaintiff's electronic devices and the resulting destruction of litigation materials. That motion has been fully briefed since April 20, 2026 (see ECF Nos. 67, 68) and remains pending; it expressly requests, among other relief, a thirty-day extension of Plaintiff's response deadlines. The same factual record — already on the docket and supported by sworn declaration — supplies the reason for any delay in this filing. To the extent that the underlying destruction of materials was beyond Plaintiff's reasonable control, that fact weighs strongly in favor of acceptance under Pioneer's third factor.

15. Good faith. Plaintiff has continuously sought to comply with this Court's directives. Between May 18 and May 19, 2026, Plaintiff filed ECF Nos. 87 (Motion to Amend/Correct), 88 (Supplement to renewed TRO/PI motion), 89 (renewed TRO/PI motion), 92 (Notice of Errata with signed declarations), and 93 (additional attachments) — demonstrating diligent, continuing engagement with the case rather than neglect. Plaintiff's good faith is further evidenced by the contemporaneous filing of this Motion for Leave with a complete proposed Second Amended

Complaint and the full exhibit binder, in literal compliance with the Court's prior directive against piecemeal submissions.

16. Pioneer's flexible, equitable framework — which describes excusable neglect as "a somewhat 'elastic concept'" not limited to circumstances strictly beyond the movant's control, 507 U.S. at 392 — supports acceptance of this filing.

## VI. CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (i) accepting this Motion and the attached Second Amended Complaint as filed, for good cause shown under Rule 6(b)(1)(B) to the extent received after May 15, 2026; (ii) granting leave to file the attached Second Amended Complaint; (iii) directing the Clerk to docket the Second Amended Complaint as the operative pleading; and (iv) granting such further relief as the Court deems just and proper. Consistent with Young v. City of Mount Rainier, 238 F.3d 567, 572 (4th Cir. 2001), entry of the Second Amended Complaint will supersede the Amended Complaint (ECF No. 18) and render the pending motions to dismiss at ECF Nos. 45 and 47 moot.

Respectfully submitted,

Dr. Lathonia Bennett, DDS

Pro Se Plaintiff

137 Broughton Avenue

Andrews, South Carolina 29510

P.O. Box 1010, Kingstree, SC 29556

Telephone: (912) 996-3303

Email: lathonia@justuscpp.org


Dated: this _____ day of May, 2026