IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| DR. LATHONIA BENNETT, DDS, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 4:26-cv-01034-JD-PJG |
| WILLIAMSBURG COUNTY, | ) | |
| SOUTH CAROLINA, et al., | ) | |
| Defendants. | ) | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS (ECF NO. 100)

Plaintiff Dr. Lathonia Bennett, DDS, pro se, respectfully submits this Response in Opposition to the Motion for Sanctions contained within Defendants' Response in Opposition to Plaintiff's Third Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 100, filed June 1, 2026). For the reasons set forth below, Defendants' sanctions request should be denied.

### I. INTRODUCTION AND SUMMARY

Defendants ask the Court to (i) strike from the docket Plaintiff's Third Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 89), (ii) award Defendants their attorney's fees and costs incurred in responding to that filing, and (iii) impose Rule 11 sanctions under the Court's Order Regarding Use of Generative Artificial Intelligence in Court Filings (ECF No. 77, May 1, 2026). For the reasons set forth below, each request should be denied.

First, the request to strike ECF No. 89 is moot. Plaintiff has voluntarily withdrawn ECF No. 89 by separate Notice filed concurrently herewith. Strike-from-docket relief as to a withdrawn filing is not necessary and is not available because there is no live motion to strike.

Second, the request for monetary sanctions and attorney's fees should be denied because the document at ECF No. 89 was not the filing Plaintiff intended to submit. Plaintiff did not have an improper purpose in connection with the misfiling. Rule 11(b)(1) requires a finding of improper purpose — harassment, unnecessary delay, or needlessly increasing the cost of litigation. An inadvertent upload of the wrong file cannot, as a matter of Rule 11 doctrine, establish improper purpose.

Third, the request for sanctions under the Court's May 1, 2026 Order (ECF No. 77) should be denied or reduced because the document at ECF No. 89 was an erroneous AI-generated draft in the wrong format that Plaintiff should have deleted before any risk of accidental upload could arise. The wrong-file upload error meant the erroneous draft reached the docket before any pre-filing verification could have surfaced and remediated the AI error. Plaintiff acknowledges the failure to delete the erroneous draft, takes responsibility for the upload error, and has implemented a documented pre-upload checklist to prevent any recurrence.

## II. FACTUAL BACKGROUND OF THE MISFILING

1. The document docketed at ECF No. 89 is an erroneous draft generated with the assistance of generative artificial intelligence. The artificial-intelligence tool produced the draft in state-court format rather than in the federal format appropriate for this action. The state-court format was an error in the AI-generated output. The draft was not, in that form, suitable for filing

in any court. Plaintiff should have deleted the erroneous draft from her working files; she did not do so. The draft was not intended to be filed in this action and was not intended to be filed in any state court.

2. The face of ECF No. 89 reflects the AI-generated state-court format and not a finished federal filing. The caption identifies the State of South Carolina Court of Common Pleas for the Third Judicial Circuit rather than this Honorable Court. The motion cites South Carolina Rule of Civil Procedure 65 rather than Federal Rule of Civil Procedure 65. The only legal authority cited is a single 1986 South Carolina state-court appellate decision. The verification block is unsigned. The notary block is unfilled. The signature, address, and contact information are unfilled. Multiple bracketed placeholder fields remain unreplaced. The Certificate of Service is undated and unsigned. None of these are characteristics of a federal filing prepared by Plaintiff for submission to this Court.

3. On May 18, 2026, Plaintiff intended to upload a different, finished document to this docket. The erroneous AI-generated draft bore a filename substantially similar to the document Plaintiff intended to upload. During the upload session, the wrong file was selected, and the erroneous draft was uploaded as ECF No. 89 in place of the intended document.

4. Plaintiff did not discover the misfiling until receipt of Defendants' Response in Opposition at ECF No. 100 on or about June 1, 2026. Upon discovery, Plaintiff promptly prepared a Notice of Voluntary Withdrawal, filed concurrently herewith, which is incorporated herein by reference.

5. Plaintiff's other contemporaneous filings in this action — including Plaintiff's Motion for Ruling on ECF No. 44 and Clarification or Extension of Deadlines filed on or about June 2,

2026 — bear the federal-court caption, cite federal procedural authority, contain no bracketed placeholders, and reflect Plaintiff's customary federal-format filing practice. The Court need only compare ECF No. 89 with Plaintiff's other recent filings to confirm that the misfiled draft is anomalous and does not represent Plaintiff's normal practice.

## III. THE STRIKE-FROM-DOCKET REQUEST IS MOOT

6. By separate Notice of Voluntary Withdrawal filed concurrently herewith, Plaintiff has voluntarily withdrawn ECF No. 89. The relief sought by Defendants in the form of striking ECF No. 89 from the docket is accordingly moot. Plaintiff respectfully requests that the Court note the voluntary withdrawal and deny Defendants' strike request as moot.

## IV. THE RULE 11 SANCTIONS REQUEST SHOULD BE DENIED — NO IMPROPER PURPOSE

7. Rule 11(b)(1) of the Federal Rules of Civil Procedure provides that, by presenting a paper to the court, an attorney or unrepresented party certifies that the paper "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Rule 11 sanctions in the Fourth Circuit require an objective inquiry into the totality of the circumstances surrounding the filing. Hunter v. Earthgrains Co. Bakery, 281 F.3d 144, 153 (4th Cir. 2002); In re Kunstler, 914 F.2d 505, 513–14 (4th Cir. 1990).

8. An inadvertent upload of the wrong file cannot, as a matter of Rule 11 doctrine, establish improper purpose. The mental state required by Rule 11(b)(1) — harassment, delay, or needless cost — presupposes an intent to file the document at issue. Where the document at issue

was not intended to be filed at all, the Rule 11(b)(1) inquiry does not reach the improper-purpose element because the threshold predicate — intentional presentation — is absent.

9. The totality of the circumstances surrounding the misfiling at ECF No. 89 confirms the absence of improper purpose. Plaintiff is pro se. The document on its face reflects state-court drafting and an unfinished posture inconsistent with intentional federal filing. Plaintiff promptly withdrew the document upon discovery of the misfiling. Plaintiff's other contemporaneous filings reflect federal-format practice. No tactical advantage was sought or obtained from the misfiling, and Plaintiff did not respond to Defendants' identification of the defects in ECF No. 100 by defending or doubling down on the misfiled document.

10. Where a Rule 11 violation has been alleged, the Fourth Circuit weighs corrective action by the party against the severity of any sanctions imposed. Hunter, 281 F.3d at 153–54. The voluntary withdrawal of ECF No. 89 by Plaintiff is the most complete corrective action available and counsels strongly against any monetary sanction.

## V. THE MAY 1, 2026 AI ORDER DOES NOT REQUIRE THE SANCTIONS REQUESTED

11. The Court's Order Regarding Use of Generative Artificial Intelligence in Court Filings (ECF No. 77, May 1, 2026) requires that AI-assisted filings be verified for accuracy before submission. ECF No. 77 at 1. Plaintiff respects and accepts that requirement.

12. The verification requirement of ECF No. 77 applies, by its terms, to AI-assisted filings before submission. The document at ECF No. 89 was an erroneous AI-generated draft that Plaintiff did not intend to file in this action and should have deleted from her working files

before any risk of accidental upload could arise. Plaintiff acknowledges that the failure to delete the erroneous draft created the conditions under which the wrong-file upload error occurred. Plaintiff does not, however, dispute that the May 1 Order's verification expectation applied in principle to any AI-assisted document Plaintiff prepared. The point Plaintiff respectfully makes is that the inadvertent upload occurred before any verification process could have been triggered as to ECF No. 89, because Plaintiff did not intend ECF No. 89 to become a filing at all.

13. To prevent any recurrence, Plaintiff has implemented a documented pre-upload checklist confirming, before any document is uploaded to this docket, (a) the federal court caption, (b) that the file selected matches the file intended, (c) the citation of federal procedural authority where applicable, (d) the absence of bracketed placeholder text, (e) the completion of the signature block and verification (if any), and (f) the completion of the Certificate of Service. Plaintiff has also implemented a procedure to delete erroneous AI-generated drafts immediately upon identification, rather than allowing such drafts to remain in the working file directory where filename-similarity errors could produce inadvertent uploads. Plaintiff respectfully represents that these corrective measures have been implemented going forward and are reflected in Plaintiff's June 2, 2026 Motion for Ruling on ECF No. 44 and Clarification or Extension of Deadlines.

## VI. PRO SE STATUS AND THE FOURTH CIRCUIT'S DISCRETIONARY TOTALITY ANALYSIS

14. Pleadings and filings by pro se litigants are held to less stringent standards than those drafted by counsel and are to be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). The Fourth Circuit has

long instructed that Rule 11 sanctions against pro se litigants must be considered in light of the litigant's circumstances, and that dismissal-level or harsh monetary sanctions are reserved for cases involving objectively unreasonable conduct that has not been promptly remedied. Hunter, 281 F.3d at 153–54; In re Kunstler, 914 F.2d at 513–14.

15. Plaintiff has at all material times sought to comply with this Court's directives, including the Court's Order Regarding Use of Generative Artificial Intelligence (ECF No. 77) and the Court's Order of May 1, 2026 (ECF No. 78) requiring concurrent filing of the proposed Second Amended Complaint and supporting documents. Plaintiff has voluntarily withdrawn the misfiled document, has acknowledged responsibility for the upload error, has disclosed Plaintiff's use of generative artificial intelligence as a drafting aid, and has implemented a documented corrective procedure. Under Hunter's totality analysis, these actions weigh decisively against the imposition of sanctions.

## VII. CONCLUSION

16. For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (a) denying Defendants' request to strike ECF No. 89 from the docket as moot in light of Plaintiff's voluntary withdrawal; (b) denying Defendants' request for attorney's fees, costs, and Rule 11 sanctions; (c) denying any further sanctions sought under the Court's Order Regarding Use of Generative Artificial Intelligence (ECF No. 77); and (d) granting such further relief as the Court deems just and proper.

Respectfully submitted,

Dr. Lathonia Bennett, DDS

Pro Se Plaintiff

137 Broughton Avenue

Andrews, South Carolina 29510

P.O. Box 1010, Kingstree, SC 29556

Telephone: (912) 996-3303

Email: lathonia@justuscpp.org

Dated: June 2, 2026

## CERTIFICATE OF SERVICE

I, Dr. Lathonia Bennett, DDS, Pro Se Plaintiff in the above-captioned action, hereby certify that on the date set forth below, I caused a true and correct copy of the foregoing Plaintiff's Response in Opposition to Defendants' Motion for Sanctions (ECF No. 100) to be served upon all counsel of record via the Court's CM/ECF system, which will send notice of electronic filing to:

**Counsel for Defendants Williamsburg County, Williamsburg County Council, Kelvin Washington, Hixon Copp, and Williamsburg County Economic Development Board:**

Daniel C. Plyler, Esq.

William K. Rees, Esq.

Smith Robinson Holler DuBose & Morgan, LLC

3200 Devine Street

Columbia, South Carolina 29205

Daniel.Plyler@SmithRobinsonLaw.com

William.Rees@SmithRobinsonLaw.com

**Counsel for Defendants Amanda Shuler and Williamsburg County Development Corporation:**

Steve A. Matthews, Esq.

Haynsworth Sinkler Boyd, P.A.

1201 Main Street, 22nd Floor

Columbia, South Carolina 29201

smatthews@hsblawfirm.com

Dr. Lathonia Bennett, DDS

Pro Se Plaintiff

Dated: June 2, 2026