RECEIVED
USDC CLERK, COLUMBIA, SC
2026 JUN 12 AM 11: 52

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**FLORENCE DIVISION**

| | |
|---|---|
| DR. LATHONIA BENNETT, DDS, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 4:26-cv-01034-JD-PJG |
| | ) |
| v. | ) PLAINTIFF'S OPPOSITION TO |
| | ) DEFENDANTS' MOTION FOR |
| WILLIAMSBURG COUNTY, et al., | ) PROTECTIVE ORDER |
| AND/OR | ) |
| | ) **TEMPORARY STAY OF DISCOVERY** |
| | ) (ECF No. 98) |
| Defendants. | ) |
| | ) |

Plaintiff Dr. Lathonia Bennett, DDS, pro se, respectfully submits this Opposition to Defendants' Motion for Protective Order and/or Temporary Stay of Discovery, ECF No. 98 (the "Motion"). For the reasons set forth below, the Motion should be denied.

## I. INTRODUCTION

Defendants ask this Court to relieve them of every discovery obligation in this case until thirty (30) days after a ruling on their pending Motions to Dismiss (ECF Nos. 45 and 47). They base that sweeping request on a single conclusory assertion — that Plaintiff's pleadings are in a "very confused state." Mot. ¶ 3. That is rhetoric, not a recognized basis for the extraordinary relief Rule 26(c) requires.

The Motion was filed on May 26, 2026 — the same date Defendants' responses to Plaintiff's discovery requests came due under Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), and 36(a)(3). The Motion does not identify a single specific burden, oppression, expense, privilege, or proportionality

concern. It does not identify a single request that is over-broad, irrelevant, or improper. It does not propose to respond to anything. It seeks a complete and open-ended stay of every discovery obligation, untethered to any specific objection.

Since the Motion was filed, the landscape has changed: Plaintiff has filed her Response in Opposition to the Motions to Dismiss (ECF No. 105, filed June 1, 2026) and has concurrently filed a Motion for Leave to File a Second Amended Complaint. Defendants' premise — that the pleadings are too unsettled to permit a discovery response — is no longer accurate, if it ever was.

Under Federal Rule of Civil Procedure 26(c) and controlling Fourth Circuit and District of South Carolina authority, the filing of a Rule 12(b)(6) motion does not automatically stay discovery. Defendants have not carried — and cannot carry — their burden to show good cause for the relief they seek. The Motion should be denied. In the alternative, any stay should be narrowly tailored, of limited duration, and accompanied by specific preservation obligations enforceable on the record.

Finally, Defendants' own conduct contradicts their premise. They have filed two detailed Motions to Dismiss (ECF Nos. 45 and 47) that engage each Count of the Amended Complaint on the merits and identify specific Counts they have elected not to challenge — a level of engagement inconsistent with their claim that the same pleadings cannot be understood well enough to permit a discovery response. The Federal Rules require pro se pleadings to be read liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).

## II. PROCEDURAL BACKGROUND

On April 7, 2026, Defendants filed Motions to Dismiss the Amended Complaint (ECF Nos. 45 and 47).

On April 8, 2026, this Court entered a Roseboro Order (ECF No. 48) directing Plaintiff to respond to those motions.

On April 26, 2026, Plaintiff served on Defendants her First Set of Requests for Production of Documents, Interrogatories, and Requests for Admission. Defendants' responses were therefore due on or about May 26, 2026, under Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), and 36(a)(3).

On May 26, 2026 — the same date Defendants' discovery responses became due — Defendants filed the present Motion (ECF No. 98). The Motion does not contain any responses, partial or complete. It does not invoke any specific objection to any specific request. It seeks only a wholesale stay until thirty (30) days after a ruling on the pending Motions to Dismiss.

On June 1, 2026, Plaintiff filed her Response in Opposition to Defendants' Motions to Dismiss (ECF No. 105), together with a concurrent Motion for Leave to File a Second Amended Complaint with the proposed Second Amended Complaint attached. The pleading sufficiency of Plaintiff's claims is now fully briefed.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) permits the court to issue a protective order "for good cause" to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking the protective order bears the burden of demonstrating good cause by articulating specific facts, not conclusory statements. See Cipollone v. Liggett Grp., Inc., 785 F.2d 1108, 1121 (3d Cir. 1986) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

Whether to enter a protective order staying discovery pending resolution of a dispositive motion rests in the court's discretion. Tilley v. United States, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003); Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988). The court, however, "should not . . . stay discovery which is necessary to gather facts in defense of the motion." Tilley, 270 F. Supp. 2d at 734. A stay is appropriate only when the discovery sought is irrelevant to opposing the dispositive motion or where the moving party's claims fail as a matter of law. Id. at 734–35.

Defendants have not made — and cannot make — that showing here.

## IV. ARGUMENT

### A. Defendants Have Not Carried Their Rule 26(c) Burden.

Defendants' entire Motion rests on the conclusory assertion that Plaintiff's pleadings are in a "very confused state" such that it is "impossible to evaluate whether the discovery sought is permissible." Mot. ¶ 3. That statement does not identify:

(a) any specific request Defendants contend is over-broad;

(b) any specific request that implicates privilege, work product, or confidentiality;

(c) any specific request that is unduly burdensome to respond to in volume, time, or expense;

(d) any specific request that is disproportionate to the needs of the case under Rule 26(b)(1); or

(e) any document collection effort already underway or any anticipated production volume.

Defendants' generalized objection to the pleadings is not a Rule 26(c) ground. As the Third Circuit has explained, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Cipollone v. Liggett Grp., Inc., 785 F.2d 1108, 1121 (3d Cir. 1986). Defendants have offered none.

### B. *The Pendency of the Motions to Dismiss Does Not Justify a Stay.*

Even where a dispositive motion is pending, a stay is not appropriate where the discovery sought is relevant to the merits of the case. See Tilley, 270 F. Supp. 2d at 734 (court "should not . . . stay discovery which is necessary to gather facts in defense of the motion"). Defendants do not contend — and could not contend — that Plaintiff's discovery is irrelevant to her claims. The Requests for Production, Interrogatories, and Requests for Admission are mapped, on their face, to specific Counts of the Amended Complaint and the documentary record already before the Court. The mere filing of a Rule 12(b)(6) motion is not a per se ground for staying that discovery. See Simpson, 121 F.R.D. at 263. If it were, every defendant could freeze litigation on demand simply by filing a motion to dismiss — a result the Federal Rules nowhere contemplate.

Moreover, the central premise of Defendants' Motion — that the pleadings are in a "very confused state" — is no longer accurate. Since the Motion was filed, Plaintiff has filed her Response in Opposition to the Motions to Dismiss (ECF No. 105) and a Motion for Leave to File a Second Amended Complaint with the proposed Second Amended Complaint attached. The pleading sufficiency of every Count has been fully briefed and is now before the Court. Plaintiff's claims include — at minimum — First Amendment retaliation, First Amendment forum/viewpoint discrimination, Fourth Amendment unlawful show of authority, Fourteenth Amendment equal protection (class-of-one and disparate impact), Fourteenth Amendment due process, federal

mandamus under 28 U.S.C. § 1361, South Carolina Freedom of Information Act, and civil conspiracy. The pleadings clearly identify the discovery relevant to each Count.

Defendants do not contend that every Count will be dismissed. The pending dispositive motions raise overlapping but limited theories — including a Rule 12(b)(6) challenge to certain § 1983 theories and a supplemental-jurisdiction argument as to the pendent SC FOIA claim. See ECF Nos. 45, 47. Whatever the merits of those theories, none of them eliminates Plaintiff's claims as a matter of law. At a minimum, discovery should proceed on the claims defendants concede survive the motion-to-dismiss stage.

### C. Defendants Are Already in Default of Their Discovery Obligations.

Plaintiff served her discovery requests on April 26, 2026. Defendants' responses were due on or about May 26, 2026 — the same date they filed this Motion. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3). The Motion was not accompanied by any partial response, any specific objection, or any request for extension preserving the underlying obligations. It seeks an open-ended retroactive stay.

Under Rule 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." Defendants have neither answered nor specifically objected to any Request for Admission. Defendants' Motion does not preserve their Rule 36 position and should not be construed as doing so.

### D. Prejudice to Plaintiff Is Real and Increases with Delay.

Plaintiff's claims implicate active and ongoing conduct — including continuing FOIA obstruction during the pendency of this very litigation, the ongoing administration of multi-decade

Page 6 of 11

public-private agreements (the Special Source Revenue Credit Agreement at issue spans 30 years), and the continuing administration of public authority by individuals with documented institutional dual-roles. Witnesses' memories fade. Electronic records are routinely overwritten on standard retention cycles. Documents on personal devices, in private email, and across overlapping institutional roles (the WCDC / NESA / Santee Electric / Council interlocking memberships pleaded in the Amended Complaint) are at heightened risk of loss if a stay is granted.

Plaintiff has already put Defendants on written notice that destruction of relevant materials after February 9, 2026 may give rise to sanctions under Rule 37. See Plaintiff's First Set of Requests, Instruction D. A stay does not relieve Defendants of their independent common-law and Rule 37 duty to preserve. But a stay does materially increase the time during which preservation failures may occur and become irretrievable, and that risk is heightened where, as here, relevant materials sit in personal email, on mobile devices, and across the overlapping institutional roles pleaded in the Amended Complaint.

### E.   The Proposed Stay Is Open-Ended, Not "Temporary."

Defendants ask the Court to stay discovery until "thirty-days after a ruling has been made on their pending Motions to Dismiss." Mot. ¶ 3. Federal motions to dismiss are not subject to a fixed decisional clock. Briefing on ECF Nos. 45 and 47 is now complete with Plaintiff's June 1, 2026 filing (ECF No. 105) and the pending Motion for Leave to File Second Amended Complaint. The Court's ruling timeline is, properly, the Court's. But it is not unusual for Rule 12(b)(6) motions in complex § 1983 cases to be sub judice for many months.

If leave to amend is granted, Defendants will likely file new dispositive motions against the Second Amended Complaint. Under Defendants' theory, that cycle would justify a further stay

until thirty days after a ruling on the second round. The cumulative effect is open-ended delay measured in calendar quarters, not weeks. That is not the "temporary" stay Defendants represent it to be.

### F. *In the Alternative, Any Stay Should Be Narrowly Tailored.*

If the Court is inclined to grant any stay, Plaintiff respectfully requests that the Court enter an order materially narrower than what Defendants seek. Specifically, Plaintiff requests that any order:

1. Decline to stay discovery on Plaintiff's South Carolina FOIA claim and Plaintiff's federal mandamus claim, both of which depend on a statutory duty arising under existing law and which Defendants challenge only on jurisdictional or supplemental grounds rather than on the merits, see ECF No. 47;

2. Decline to stay Requests for Admission, which under Rule 36(a)(3) are deemed admitted absent timely response or specific objection;

3. Impose, in writing, the continuing duty of Defendants and their counsel to preserve all documents, communications, and electronically stored information falling within the scope of Plaintiff's First Set of Requests, including documents in the custody of named individual Defendants, the Williamsburg County Development Corporation, the Williamsburg County Economic Development Board, and any agent or contractor acting on their behalf;

4. Require Defendants to file a written Preservation Certification within fourteen (14) days, signed by counsel and a designated custodian for each institutional Defendant, identifying the categories of materials being preserved, the individuals whose files are being preserved, and the steps taken to suspend any document-destruction or auto-deletion protocols;

5. Impose a definite end date on any stay, no later than thirty (30) days after the Court's ruling on the first-filed of the pending Motions to Dismiss, the Motion for Leave to File Second Amended Complaint, or any subsequent pleading-stage motion targeting any claim — whichever ruling first occurs;

6. Provide that Defendants' deadline to respond to Plaintiff's First Set of Requests resumes automatically on the day the stay ends, without the need for re-service or re-issuance; and

7. Provide that nothing in the order shall be construed as forgiving any Rule 36 admission already in effect by operation of law as of May 26, 2026.

## V. CONCLUSION

Defendants have not identified a single specific burden, expense, privilege, or proportionality concern. They have not identified a single discovery request as defective. They have not offered a partial response. They ask, instead, for an open-ended stay of every discovery obligation based on a generalized, and now outdated, complaint about Plaintiff's pleadings. That is not the standard Rule 26(c) imposes. The Motion should be denied. In the alternative, any stay should be narrowly tailored as set forth above and conditioned on the preservation protections necessary to safeguard the integrity of the record.

Respectfully submitted,

_____

Dr. Lathonia Bennett, DDS
Pro Se Plaintiff
137 Broughton Avenue
Andrews, South Carolina 29510
P.O. Box 1010, Kingstree, SC 29556

Telephone: (912) 996-3303
Email: lathonia@justuscpp.org

Dated: June 3, 2026

## CERTIFICATE OF SERVICE

I, Dr. Lathonia Bennett, DDS, Pro Se Plaintiff in the above-captioned action, hereby certify that on the date set forth below, I caused a true and correct copy of the foregoing Plaintiff's Opposition to Defendants' Motion for Protective Order and/or Temporary Stay of Discovery (ECF No. 98) to be served upon all counsel of record via the Court's CM/ECF system, which will send notice of electronic filing to:

**Counsel for Defendants Williamsburg County, Williamsburg County Council, Kelvin Washington, Hixon Copp, and Williamsburg County Economic Development Board:**

Daniel C. Plyler, Esq.
William K. Rees, Esq.
Smith Robinson Holler DuBose & Morgan, LLC
3200 Devine Street
Columbia, South Carolina 29205
Daniel.Plyler@SmithRobinsonLaw.com
William.Rees@SmithRobinsonLaw.com

**Counsel for Defendants Amanda Shuler and Williamsburg County Development Corporation:**

Steve A. Matthews, Esq.
Haynsworth Sinkler Boyd, P.A.
1201 Main Street, 22nd Floor
Columbia, South Carolina 29201
smatthews@hsblawfirm.com

_____

Dr. Lathonia Bennett, DDS
Pro Se Plaintiff

Dated:  June 3, 2026