**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**FLORENCE DIVISION**

| | | |
|---|---|---|
| Lathonia Bennett, | ) | Civil Action No.: 4:26-cv-01034-JD-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Williamsburg County; Williamsburg County Council; Kelvin Washington, County Supervisor, in his official capacity; Hixon Copp, Director of Economic Development, in his official capacity; Amanda Shuler, County Attorney, in her individual and official capacities; Williamsburg County Economic Development Board; Williamsburg County Development Corporation (WCDC), | ) ) ) ) ) ) ) ) ) ) ) | **WILLIAMSBURG COUNTY DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Defendants Williamsburg County, Williamsburg County Council, Kelvin Washington, in his official capacity as County Supervisor, Hixon Copp, in his official capacity as Director of Economic Development, and Williamsburg County Economic Development Board (collectively, "Defendants"), by and through the undersigned counsel, hereby submit this Reply to Plaintiff's Response in Opposition to Defendants' Motion for Sanctions. (ECF No. 123). For the reasons set forth below, Defendants respectfully request that the Court grant their Motion.

On June 1, 2026, Defendants filed a Response in Opposition to Plaintiff's Third Motion for Temporary Restraining Order. (ECF No. 100). Included within that Response was a request for sanctions based upon Plaintiff's apparent violation of the Court's May 1, 2026 Order Regarding

Use of Generative Artificial Intelligence in Court Filings. (ECF Nos. 77, 100 at 2–3). Following Defendants' request for sanctions, Plaintiff voluntarily withdrew her Third Motion for Temporary Restraining Order. (ECF Nos. 121, 123 at 2).

Plaintiff appears to contend that her voluntary withdrawal renders Defendants' request for sanctions moot. (ECF No. 123 at 2). It does not. The withdrawal of the offending filing cannot undo the burden and expense already imposed upon Defendants. Defendants were required to review, analyze, and respond to a motion that Plaintiff now effectively concedes was improperly filed. Plaintiff should not be permitted to evade the consequences of a Rule 11 violation simply by withdrawing the offending filing after Defendants have already incurred the costs associated with responding to it.

More importantly, Plaintiff's own admissions only strengthen the basis for sanctions. The Court expressly warned that "[t]he use of AI without verification of the accuracy of its output implicates Rule 11 of the Federal Rules of Civil Procedure." (ECF No. 77 at 1). Defendants argued that the face of Plaintiff's Third Motion for Temporary Restraining Order strongly suggested that it had been generated through artificial intelligence and filed without any meaningful review for accuracy. (ECF No. 100 at 3).

Plaintiff has now effectively confirmed that assessment. In withdrawing the motion, Plaintiff admitted that "[t]he document is an erroneous draft generated with the assistance of generative artificial intelligence." (ECF No. 121 at 1). She repeated that admission in her Response to Defendants' Motion for Sanctions, stating that "[t]he document docketed at ECF No. 89 is an erroneous draft generated with the assistance of generative artificial intelligence." (ECF No. 123 at 2). Thus, Plaintiff has effectively conceded one of the factual premises underlying Defendants' request for sanctions.

2

Plaintiff attempts to excuse the filing by asserting that she intended to upload a different document and that the erroneous AI-generated draft was selected because it bore a substantially similar file name. (ECF Nos. 121 at 2; 123 at 3). That explanation is difficult to reconcile with the procedural history of this case. The Court previously denied Plaintiff's request to register as an ECF user. (Dkt. No. 36). As a result, Plaintiff does not have the ability to electronically file documents and instead must submit filings through other means.

Accordingly, Plaintiff's explanation raises serious concerns regarding the accuracy of the representations made to the Court. The account offered by Plaintiff is plainly inconsistent with the record before the Court. At a minimum, that inconsistency demonstrates a failure to verify the accuracy of assertions made in Plaintiff's subsequent filings. Whether Plaintiff filed ECF Nos. 121 and 123 without meaningful review or submitted an inaccurate explanation regarding the filing of ECF No. 89, the result is the same: sanctions are warranted.

*{Remainder of page left intentionally blank for formatting purposes}*

3

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion

for Sanctions and award such relief as it deems appropriate under the circumstances.


Respectfully submitted,


SMITH │ ROBINSON


_s/ Daniel C. Plyler_
DANIEL C. PLYLER, Fed. ID No. 9762
WILLIAM K. REES, Fed. ID No. 14684
3200 Devine Street
Columbia, SC 29205
T: 803-254-5445
F: 803-254-5007
Daniel.Plyler@SmithRobinsonLaw.com
William.Rees@SmithRobinsonLaw.com

*Counsel for Defendants Williamsburg County, Williamsburg County Council, Williamsburg County Economic Development Board, Washington and Copp*

Columbia, South Carolina

June 15, 2026

4