**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**FLORENCE DIVISION**

| | | |
|---|---|---|
| Lathonia Bennett, | ) | Civil Action No.: 4:26-cv-01034-JD-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Williamsburg County; Williamsburg County Council; Kelvin Washington, County Supervisor, in his official capacity; Hixon Copp, Director of Economic Development, in his official capacity; Amanda Shuler, County Attorney, in her individual and official capacities; Williamsburg County Economic Development Board; Williamsburg County Development Corporation (WCDC), | ) ) ) ) ) ) ) ) ) ) | **WILLIAMSBURG COUNTY DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RULING ON EMERGENCY MOTION FOR PROTECTIVE ORDER AND CLARIFICATION OR EXTENSION OF DEADLINES** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Defendants Williamsburg County, Williamsburg County Council, Kelvin Washington, in his official capacity as County Supervisor, Hixon Copp, in his official capacity as Director of Economic Development, and Williamsburg County Economic Development Board (collectively, "Defendants"), by and through the undersigned counsel, hereby submit this Response to Plaintiff's Motion for Ruling on Emergency Motion for Protective Order and Clarification or Extension of Deadlines. (ECF No. 106). Defendants do not object to the Court issuing a ruling on Plaintiff's Emergency Motion for Protective Order. (ECF No. 44). Rather, Defendants submit this Response solely to address Plaintiff's request for a blanket extension of response deadlines.

## BACKGROUND

On April 6, 2026, Plaintiff filed an Emergency Motion asking the Court to: (1) enter a protective order requiring Defendants and their counsel to cease and desist from any alleged unauthorized access to or interference with Plaintiff's electronic devices; (2) order Defendants to preserve all electronically stored information; (3) require Defendants to show cause why sanctions, adverse inference instructions, and referral to the United States Attorney for the District of South Carolina should not be imposed; and (4) extend any pending response deadlines based upon the alleged destruction of Plaintiff's litigation materials. (ECF No. 44 at 7).

Plaintiff's motion was premised upon the alleged loss of, or inability to access, documents relating to this litigation that were stored on her personal computer. (ECF No. 44 at 2–3). Plaintiff further contended that Defendants were somehow responsible for that alleged loss. (ECF No. 44 at 3–4).

On April 20, 2026, Defendants filed a response thoroughly refuting Plaintiff's unsupported allegations. (ECF No. 67). Defendants hereby incorporate that response by reference and continue to maintain that Plaintiff's Emergency Motion should be denied in its entirety.

On June 1, 2026, Plaintiff filed the instant Motion requesting that the Court rule on her Emergency Motion. (ECF No. 106). Plaintiff also seeks clarification of her response deadlines or, alternatively, a thirty-day extension of all deadlines applicable to her. (ECF No. 106 at 2–3). Defendants have no objection to the Court ruling on Plaintiff's pending motion or clarifying any applicable deadlines. Defendants submit this Response only to address Plaintiff's alternative request for a blanket extension.

## DISCUSSION

Plaintiff does not seek an extension of any specific deadline. Instead, she requests a

2

wholesale thirty-day extension of all response deadlines applicable to her. Such extraordinary relief is unwarranted.

Plaintiff offers no new justification for such a sweeping extension. Rather, she relies exclusively on the same alleged intrusion into her personal computer that purportedly occurred on March 27, 2026. (ECF No. 44 at 3). That alleged incident occurred more than two months ago. To the extent Plaintiff required additional time to respond to any filing because of that event, those deadlines have long since passed. Plaintiff has failed to explain how an alleged occurrence in March justifies a blanket extension of all current and future response deadlines.

Indeed, Plaintiff's extensive filing activity since March demonstrates the opposite. Plaintiff has continued to actively litigate this matter and has filed numerous motions, notices, and other submissions with the Court. Her ability to generate and timely file those documents undermines any claim that she is presently unable to comply with applicable deadlines. Moreover, Plaintiff has already caused substantial delay in this litigation through a steady stream of meritless and repetitive filings. Granting an additional blanket extension would only further delay the orderly progression of this case.

*{Remainder of page left intentionally blank for formatting purposes}*

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's request for a thirty-day extension of all response deadlines.

SMITH │ ROBINSON

_s/ Daniel C. Plyler_

DANIEL C. PLYLER, Fed. ID No. 9762
WILLIAM K. REES, Fed. ID No. 14684
3200 Devine Street
Columbia, SC 29205
T: 803-254-5445
F: 803-254-5007
Daniel.Plyler@SmithRobinsonLaw.com
William.Rees@SmithRobinsonLaw.com

_Counsel for Defendants Williamsburg County, Williamsburg County Council, Williamsburg County Economic Development Board, Washington and Copp_

Columbia, South Carolina

June 15, 2026