*EXHIBIT — PROPOSED SUR-REPLY*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

## FLORENCE DIVISION

**DR. LATHONIA BENNETT, DDS,**

Plaintiff,

v.                                                        Civil Action No. 4:26-cv-01034-JD-PJG

WILLIAMSBURG COUNTY, et al.,

Defendants.

## PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' REPLIES AT ECF NOS. 113, 114, 115, AND 116

## INTRODUCTION

This Sur-Reply addresses the new authority and procedural-posture characterizations introduced by Defendants in their four Reply briefs filed on June 8, 2026: the Williamsburg County Defendants' Reply at ECF No. 113; the Haynsworth Sinkler Boyd Defendants' Rule 10(c) joinder at ECF No. 114; the Williamsburg County Defendants' Reply on the Combined Response at ECF No. 115; and the Haynsworth Sinkler Boyd Defendants' Rule 10(c) joinder at ECF No. 116.

5

Through the Rule 10(c) joinders, all seven Defendants have formally adopted the positions advanced in ECF Nos. 113 and 115.

The Sur-Reply is narrowly focused. Plaintiff does not repeat the substantive arguments set forth in her Response in Opposition at ECF No. 105, her Combined Response at ECF No. 107, or her Motion for Leave to File Second Amended Complaint at ECF No. 111. Four matters require a brief response: (I) Defendants' new standing and political-question authority does not displace controlling precedent already cited; (II) this Court's striking Order at ECF No. 94 rested on the piecemeal-filing prohibition, not on a lateness ground; (III) Defendants' Reply at ECF No. 115 page 4 footnote 1 contains a binding judicial admission that Count VI of the operative Amended Complaint states a claim sufficient to survive Rule 12(b)(6) scrutiny; and (IV) this Court's own precedent at ECF No. 17 controls the mootness question.

Plaintiff additionally and respectfully notes the context in which this Sur-Reply is filed. Plaintiff has at all times sought to comply with this Court's directives and the Federal Rules of Civil Procedure. She acknowledges that this litigation has been vigorously contested and respectfully submits that her ability to obtain meaningful access to public records — the core conduct at issue in Count VI of the operative Amended Complaint — has been impeded by the very procedural posture Defendants now seek to extend through the requested discovery stay. Plaintiff offers the following analysis in that spirit and asks only that the Court consider it on the merits.

## I. DEFENDANTS' NEW STANDING AND POLITICAL-QUESTION AUTHORITY DOES NOT DISPLACE THE OPERATIVE PRECEDENT

Defendants' Reply at ECF 113, pages 3-5, cites Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992); Lance v. Coffman, 549 U.S. 437 (2007); Taylor v. Kellogg Brown & Root Servs., Inc., 658 F.3d 402 (4th Cir. 2011); In re KBR, Inc., 744 F.3d 326 (4th Cir. 2014); and Baker v. Carr, 369 U.S. 186 (1962). None of these authorities was cited in Defendants' underlying Motion at ECF No. 45, and none alters the analysis.

As to standing: Lujan's standard requires "injury in fact" that is concrete, particularized, and actual. 504 U.S. at 560. The Amended Complaint at ECF 18 alleges concrete, particularized injuries personal to Plaintiff, including: the loss of a documented $400,000 HOME/CHDO funding opportunity and a federal Economic Development Administration partnership

6

opportunity of up to $50,000,000 (ECF 18, ¶ 36); the documented denial of access to county economic-development programs (ECF 18, ¶¶ 35-36); reputational harm and chilling of protected speech (ECF 18, ¶¶ 27, 36); and the September 8, 2025 events at the Williamsburg County Council meeting (ECF 18, ¶ 14). These injuries are personal to Plaintiff, traceable to Defendants' alleged conduct, and redressable through the relief sought. They are not the "generalized grievances" Lujan and Lance describe.

As to the political question doctrine: Taylor, In re KBR, and Baker v. Carr address judicial review of decisions "exclusively committed to a separate branch of government" (Taylor, 658 F.3d at 407 n.9). Plaintiff does not ask the Court to direct the substantive outcome of any legislative vote. As ECF 105 at page 5 explains, the operative question is whether Defendants applied their standard procedural mechanisms — agenda placement, ordinance numbering, readings, votes — in a viewpoint-neutral and rational manner. That question is justiciable. Constitutional review of procedural mechanisms employed by a local legislative body is not a political question; it is the precise type of review that 42 U.S.C. § 1983 authorizes.

Defendants' citation to Smith v. Arkansas State Highway Employees, 441 U.S. 463 (1979), and Minnesota State Bd. v. Knight, 465 U.S. 271 (1984), is similarly inapposite. Plaintiff does not claim an affirmative right to compel the Council to debate, respond to, or adopt her proposals. As ECF 105 at page 4 makes clear, Plaintiff claims a right to non-discriminatory procedural treatment when Defendants do choose to engage their standard agenda-and-vote machinery. The First Amendment forbids selective application of standard procedural mechanisms on viewpoint-based grounds. Smith and Knight do not hold otherwise.

## II. THIS COURT'S ORDER AT ECF NO. 94 STRUCK FOR PIECEMEAL FILING, NOT FOR LATENESS — AND PLAINTIFF'S RESUBMISSION AT ECF NO. 111 IS THE LAWFULLY PROPER CURE

Defendants' Reply at ECF 113, pages 2-3, characterizes the Court's Order at ECF No. 94 as a ruling that Plaintiff's proposed Second Amended Complaint was "three days late" and that ECF No. 111 is therefore "more than two weeks after the Court-imposed deadline." Respectfully, that characterization conflates two distinct procedural requirements in this Court's Order at ECF No. 78.

7

ECF No. 78 set forth two independent requirements: (a) a deadline of May 15, 2026 for filing a renewed motion to amend, and (b) a requirement that any such submission be presented to the Clerk in a single, complete, and coherent form — with the Court expressly warning that "piecemeal, unrelated submissions will be stricken." ECF 78 at 1-2. The Court's prior precedent quoted in ECF 78 reinforces the second requirement: "The Court will not attempt to read [the pro se petitioner's] mind, nor will it scour almost a dozen different docket entries to attempt to parse out precisely what claims [she] wishes to raise." Id. (quoting United States v. Jackson, 2023 WL 2657614, at *1 (E.D. Va. Mar. 2023)).

Plaintiff's submissions on May 18, 2026 (the proposed Second Amended Complaint at ECF No. 87) and May 19, 2026 (the Supplemental Exhibit Addendum at ECF No. 93) were two separate filings on consecutive days. The Court's Order at ECF No. 94 (May 20, 2026) struck those filings on the piecemeal-filing ground identified in ECF No. 78 — not on a lateness ground. The Court did not make any finding that ECF No. 87 was untimely standing alone.

Plaintiff respectfully notes that, as a pro se litigant proceeding without electronic filing access, her filings are deposited with the Clerk of Court through non-electronic delivery. Under Federal Rule of Civil Procedure 6(d), three days are added to any period when a party serves or is served by mail. When the three-day mailing period under Rule 6(d) is applied, the May 15 deadline became May 18 — and ECF No. 87, filed May 18, 2026, fell within that window. Rule 6(d) does not eliminate Plaintiff's obligation to comply with the coherence requirement set forth in ECF No. 78, and Plaintiff acknowledges that her two-day-split submission did not satisfy that requirement. But the timing issue and the coherence issue are independent, and only the latter was the basis for the Court's striking Order.

Plaintiff's Motion at ECF No. 111, filed June 1, 2026, was a complete, coherent, single-submission cure: it included the Motion for Leave, the proposed Second Amended Complaint, the Updated Exhibit Index, and the full set of exhibits, all presented to the Clerk at the same time in conformity with Judge Gossett's Standard Preference No. 5 and this Court's Order at ECF No. 78. ECF No. 111 thus represents the proper remedy when a prior submission is stricken on coherence grounds, not a continuing violation of the Court's deadline.

The Pioneer framework supplies the analytical lens. Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993) (cited in ECF 111 ¶ 11), directs the Court to weigh four factors: (i) the danger of prejudice to opposing parties; (ii) the

length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay; and (iv) whether the movant acted in good faith. As ECF 111 demonstrates, each factor weighs in favor of acceptance. The reason for any delay is the destruction of litigation materials documented in the still-pending Emergency Motion at ECF No. 44, supported by sworn declaration. Plaintiff has continuously acted in good faith. Defendants' Reply at ECF 113 does not engage Pioneer or Federal Rule of Civil Procedure 6(b)(1)(B) at all.

### III. DEFENDANTS' REPLY AT ECF NO. 115 PAGE 4 FOOTNOTE 1 CONTAINS A BINDING JUDICIAL ADMISSION THAT COUNT VI OF THE OPERATIVE AMENDED COMPLAINT STATES A CLAIM SUFFICIENT TO SURVIVE RULE 12(b)(6) SCRUTINY

At ECF 115 page 4 footnote 1, the Williamsburg County Defendants — joined in by Defendants Shuler and Williamsburg County Development Corporation through their Rule 10(c) adoption at ECF No. 116 — state:

*"By electing not to move to dismiss Plaintiff's FOIA claim, Defendants do not concede that the claim has merit or that Plaintiff will ultimately be able to prove a violation of the South Carolina Freedom of Information Act. Rather, Defendants simply recognize that Plaintiff's allegation that Defendants 'delay[ed] or refus[ed] to produce public records requested by Plaintiff' is sufficient, at the pleading stage, to survive a Rule 12(b)(6) motion. (See ECF No. 18 at ¶ 60)."*

This is a binding judicial admission. Defendants — all seven of them through the Rule 10(c) joinders — have stipulated on the record that Count VI of the operative Amended Complaint at ECF No. 18 ¶ 60 states a claim sufficient to survive Rule 12(b)(6) scrutiny. Whatever the Court determines with respect to the other Counts, Count VI remains alive in this action and is not before the Court on the pending Motions to Dismiss.

This admission has direct consequences for Defendants' Motion for Protective Order at ECF No. 98 and the requested stay of discovery. Federal Rule of Civil Procedure 26(c) requires a particularized showing of "annoyance, embarrassment, oppression, or undue burden or expense"

— not a categorical theory that all discovery should wait until all federal Counts are resolved. Because Count VI survives Defendants' own concession, discovery directed at the South Carolina Freedom of Information Act conduct alleged in ECF 18 ¶¶ 29-31 and ¶ 60 — including the dispute over the County's records-production practices, the Shuler letter of March 4, 2026 referenced in ECF 18 ¶ 30, the records-access conditioning the County's directive imposed on Plaintiff, and the alleged delay or refusal to produce records — is independently warranted and cannot be stayed on the theory advanced in ECF 98 and ECF 115.

Plaintiff therefore respectfully proposes the following alternative to the blanket stay Defendants request: (i) Defendants shall serve responses to Plaintiff's Interrogatories and Requests for Production directed at the conduct underlying Count VI within the standard period prescribed by Federal Rules of Civil Procedure 33 and 34; (ii) Defendants may seek a targeted protective order under Rule 26(c) for any specific request they believe to be overbroad in relation to Count VI; and (iii) the remaining discovery categories may be tolled until thirty days after the Court's ruling on the Motions to Dismiss, without prejudice to Plaintiff's right to oppose any extension. This proposal preserves Defendants' interest in not litigating discovery on Counts that may be dismissed while ensuring that the Count Defendants admit survives proceeds without further delay.

Defendants' supplemental-jurisdiction argument at ECF 115 pages 3-4 does not support a different conclusion. The argument that this Court "may" decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) is hypothetical and premature. Until the pending Motions are decided, supplemental jurisdiction has not been declined; until supplemental jurisdiction is declined, this Court retains full authority to administer discovery on Count VI; and until the Court rules on Defendants' protective-order request, Defendants remain subject to the discovery obligations imposed by Plaintiff's served Interrogatories and Requests for Production dated April 26, 2026.

Defendants' own Reply at ECF 115 supplies the reasons no stay is warranted as to Count VI. Defendants concede that Count VI states a claim sufficient to survive Rule 12(b)(6). ECF 115 at 4 n.1. Defendants further concede that "even a partial grant" of the pending Motions to Dismiss "would substantially narrow the issues in dispute and, correspondingly, the scope of permissible discovery." ECF 115 at 3. By Defendants' own framing, the conceded survival of Count VI defines the floor of permissible discovery now, without waiting for the Court's ruling on the Motions to Dismiss. Defendants additionally concede that if Count VI is the only claim that remains, the Court will need to determine whether to exercise supplemental jurisdiction or remand the matter to state court. ECF 115 at 4. That concession forecloses any prejudice argument: Count VI discovery is fully usable in either forum, and discovery conducted now is

10

preserved regardless of the eventual jurisdictional disposition. Finally, this Court's Scheduling Order at ECF No. 20 closes discovery on July 8, 2026 — fewer than thirty days from the date of this Sur-Reply. Defendants' requested stay of "thirty (30) days after the Court rules on Defendants' Motion to Dismiss," ECF 115 at 5, would necessarily consume the entire remaining discovery window even if the Court rules promptly. Rule 26(c) does not authorize that outcome on the categorical theory Defendants advance. Plaintiff therefore respectfully requests that this Court deny Defendants' Motion at ECF No. 98 as to Count VI and order Defendants to respond to Plaintiff's Interrogatories and Requests for Production directed at the Count VI categories within the standard period prescribed by Federal Rules of Civil Procedure 33 and 34, without further delay.

Further, the conceded survival of Count VI carries a temporal dimension Defendants' Reply does not acknowledge. The conduct on which Count VI is premised is alleged to be ongoing. The operative Amended Complaint at ECF 18 ¶ 30 alleges that by letter dated March 4, 2026 counsel of record directed Plaintiff to submit all FOIA requests through a county-created form and that FOIA requests relating to the subject matter of this litigation be channeled through the discovery process; that Plaintiff requested identification of any ordinance authorizing the mandatory-form requirement; and that no such ordinance has been identified. The operative pleading at ECF 18 ¶¶ 29-31 further alleges that Defendants have continued to decline or delay release of multiple categories of public records. Each day that discovery is stayed on this conceded-surviving claim is another day in which the records-access remedy Count VI seeks remains unrealized. A Rule 26(c) stay premised on the categorical theory that all discovery should wait until the Motions to Dismiss are decided does not preserve a neutral status quo as to Count VI; it extends the operative conduct on which the claim is built. Plaintiff respectfully submits that Federal Rule of Civil Procedure 26(c) does not authorize a stay that, by its own duration and the structure of the Scheduling Order at ECF No. 20, perpetuates the very conduct the conceded-surviving claim challenges.

## IV. THIS COURT'S OWN PRECEDENT AT ECF NO. 17 CONTROLS THE MOOTNESS QUESTION

As Plaintiff's Response at ECF 105 page 3 notes, this Court has already applied the supersession rule from Young v. City of Mount Rainier, 238 F.3d 567, 572 (4th Cir. 2001), once in this very case. By Order dated March 23, 2026 (ECF No. 17), the Court ruled that "[i]n light of Plaintiff's Amended Complaint, the defendants' motions to dismiss (ECF Nos. 6 & 12) are dismissed as moot without prejudice to present any defenses to the Amended Complaint via appropriate

11

motion." The Order at ECF No. 78 likewise reminded Plaintiff that "an amended complaint replaces the original complaint and should be complete in itself."

If this Court grants ECF No. 111 and accepts the Second Amended Complaint as the operative pleading, the same supersession principle applies. The pending Motions to Dismiss at ECF Nos. 45 and 47 — directed against the First Amended Complaint at ECF No. 18 — would become moot without prejudice to Defendants' right to present any defenses to the new operative pleading. That is the exact procedural outcome the Court ordered at ECF No. 17 earlier in this very case. Defendants' Replies at ECF Nos. 113 and 115 do not engage ECF No. 17 or otherwise distinguish the controlling supersession authority.

## CONCLUSION

For the reasons stated above and in Plaintiff's prior filings at ECF Nos. 105, 107, and 111, the Court should: (i) deny Defendants' Motions to Dismiss at ECF Nos. 45 and 47; (ii) grant Plaintiff's Motion for Leave to File Second Amended Complaint at ECF No. 111 and accept the Second Amended Complaint as the operative pleading; (iii) recognize Defendants' judicial admission at ECF 115 page 4 footnote 1 that Count VI of the operative Amended Complaint states a claim sufficient to survive Rule 12(b)(6); and (iv) deny Defendants' Motion for Protective Order and/or Temporary Stay of Discovery at ECF No. 98, or in the alternative limit any stay so that discovery on Count VI may proceed.

## RESERVATION OF RIGHTS

By filing this Sur-Reply, Plaintiff does not waive, and expressly reserves, all of her rights, claims, defenses, objections, and remedies, including but not limited to: (i) the right to be heard on the Defendants' Motions to Dismiss at ECF Nos. 45 and 47; (ii) the right to have her Motion for Leave to File Second Amended Complaint at ECF No. 111 considered on the merits and granted; (iii) the right to oppose any extension of Defendants' requested discovery stay beyond what is necessary in light of the surviving Counts; (iv) all rights and remedies pending in this action and in companion proceedings; and (v) the right to file any further authorized response should Defendants file additional briefing.

12

## ECF 77 AND RULE 11 CERTIFICATION

Plaintiff certifies, pursuant to this Court's Order at ECF No. 77 and Federal Rule of Civil Procedure 11: (a) every legal authority cited in this Sur-Reply is either (i) a decision cited by Defendants in ECF Nos. 113 or 115, (ii) a decision cited by Defendants in ECF Nos. 45 or 47, (iii) a decision cited by this Court in ECF Nos. 17, 48, 77, 78, or 96, or (iv) a decision cited by Plaintiff in her own prior filings at ECF Nos. 74, 105, or 111. Plaintiff has introduced no new case authority in this Sur-Reply. (b) Plaintiff has personally read each authority on the docket where it appears and has verified the proposition for which it is cited. (c) Plaintiff has not knowingly cited any non-existent case, statute, or rule. (d) Plaintiff has not knowingly misstated any legal proposition. (e) This Sur-Reply is not filed for any improper purpose such as harassment, unnecessary delay, or the needless increase of the cost of litigation.

Respectfully submitted,

**Dr. Lathonia Bennett, DDS**

Pro Se Plaintiff

137 Broughton Avenue

Andrews, SC 29510

P.O. Box 1010, Kingstree, SC 29556

lathonia@justuscpp.org | lathonia@yahoo.com

Dated: June 9, 2026

13

## CERTIFICATE OF SERVICE

I, Dr. Lathonia Bennett, DDS, pro se Plaintiff, hereby certify that on the date set forth below I caused the foregoing Plaintiff's Motion for Leave to File Sur-Reply and proposed Sur-Reply in Opposition to Defendants' Replies (ECF Nos. 113, 114, 115, and 116) to be filed with the Clerk of Court, and that service is effected on all counsel of record by the Notice of Electronic Filing automatically generated by the Court's CM/ECF system pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Civil Rule 5.03 (D.S.C.). Plaintiff additionally served counsel by United States Mail and electronic mail at the addresses set forth below.

**Counsel for Defendants Williamsburg County, Williamsburg County Council, Kelvin Washington, Hixon Copp, and Williamsburg County Economic Development Board:**

Daniel C. Plyler, Esq.

William K. Rees, Esq.

Smith Robinson Holler DuBose & Morgan, LLC

3200 Devine Street

Columbia, South Carolina 29205

Daniel.Plyler@SmithRobinsonLaw.com

William.Rees@SmithRobinsonLaw.com

**Counsel for Defendants Amanda Shuler and Williamsburg County Development Corporation:**

Steve A. Matthews, Esq.

Haynsworth Sinkler Boyd, P.A.

1201 Main Street, 22nd Floor

Columbia, South Carolina 29201

smatthews@hsblawfirm.com

14

Respectfully submitted,

**Dr. Lathonia Bennett, DDS**

Pro Se Plaintiff

Dated: June 9, 2026

15