Justus Community Perpetualization Project
PO Box 1010
Kingstree SC 29556-1010

0014218451000011
McMillan Federal Building District Court
JUDGE DAWSON  Civil Case manager
401 West Evans St
Florence SC 29501
USA

JUN 22 '26 PM 12:07
RCV'D - USDC FLO SC

JUN 22 '26 PM 12:06
RCV'D - USDC FLO SC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### FLORENCE DIVISION

| | |
|---|---|
| Dr. Lathonia Bennett, DDS, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 4:26-cv-01034-JD-PJG |
| | ) |
| v. | ) |
| | ) PLAINTIFF'S OBJECTIONS TO THE |
| Williamsburg County, South Carolina; | ) MAGISTRATE JUDGE'S ORDER OF |
| Williamsburg County Council; Kelvin | ) JUNE 9, 2026 (ECF No. 119) |
| Washington; Hixon Copp; Amanda Shuler; | ) DENYING LEAVE TO FILE SECOND |
| Williamsburg County Economic | ) AMENDED COMPLAINT |
| Development Board; Williamsburg County | ) |
| Development Corporation, | ) [Fed. R. Civ. P. 72(a)] |
| | ) |
| Defendants. | ) |

Plaintiff Dr. Lathonia Bennett, DDS, appearing *pro se*, respectfully submits these Objections, pursuant to Federal Rule of Civil Procedure 72(a) and Local Civil Rule 73.02 (D.S.C.), to the Magistrate Judge's text Order entered June 9, 2026 (ECF No. 119), which denied Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 111). For the reasons stated below, the Order is clearly erroneous and contrary to law, and Plaintiff respectfully requests that the District Judge set it aside and grant leave to file the Second Amended Complaint.

1

## I. THE ORDER AND THE STANDARD OF REVIEW

Under Rule 72(a), a party may serve and file objections to a magistrate judge's order on a nondispositive pretrial matter within fourteen (14) days after being served, and the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Plaintiff was served with the June 9, 2026 Order by mail; these Objections are timely. See Fed. R. Civ. P. 6(d).

Plaintiff respectfully preserves the position that, to the extent the denial of leave to amend operates to deny Plaintiff the ability to assert her claims and is therefore effectively dispositive, the District Judge should review the matter *de novo*. See Fed. R. Civ. P. 72(b). Under either standard, the Order should be set aside.

## II. RELEVANT PROCEDURAL HISTORY

1.     By Order dated May 1, 2026 (ECF No. 78), the Court denied without prejudice Plaintiff's prior motions to amend (ECF Nos. 26 & 63) and granted Plaintiff leave to refile "a proper motion and proposed amended complaint on or before May 15, 2026." The Order directed that these submissions be "presented to the clerk of court for filing at the same time," and cautioned that "[p]iecemeal, unrelated submissions will be stricken." (ECF No. 78.)

2.     Plaintiff prepared a complete Second Amended Complaint dated May 11, 2026. On May 12, 2026 — three days before the Court's deadline — Plaintiff caused the complete Second Amended Complaint to be mailed, through a commercial mailing service (LetterStream, Job No. 13968586), to the Court at the address of record and to counsel for all Defendants. A true and correct copy of the mailing confirmation is attached as Exhibit 1.

2

3. The complete Second Amended Complaint and accompanying exhibits were docketed at ECF No. 87 on Monday, May 18, 2026 — the first business day following the May 15 deadline and the intervening weekend of May 16–17.

4. By Docket Text Order entered May 20, 2026 (ECF No. 94), the Court struck ECF No. 87 and the related attachments (ECF No. 93). The stated ground was procedural, not timeliness: the Court found that Plaintiff's filings "do not comply with the instructions outlined in the court's order (ECF No. 78) as Plaintiff did not file a proper motion to accompany her proposed pleading and did not present all submissions—including exhibits—to the clerk of court for filing at the same time." (ECF No. 94.) The Order did *not* find the submission untimely. A copy of ECF No. 94 is attached as Exhibit 2.

5. In direct response, and to cure the precise procedural defects ECF No. 94 identified, Plaintiff (i) prepared a proper Motion for Leave to File a Second Amended Complaint, and (ii) presented that motion, the proposed Second Amended Complaint, and all exhibits to the clerk together, in a single consolidated submission, filed June 1, 2026 (ECF No. 111). That filing cured both defects the Court had identified — the absence of an accompanying motion and the separate submission of exhibits — exactly as ECF Nos. 78 and 94 required.

6. By text Order entered June 9, 2026 (ECF No. 119), the Court denied ECF No. 111, finding that Plaintiff "has failed to show that the amendment could not have been included before the May 15, 2026 deadline in accordance with the court's prior order (ECF No. 78)." The June 9, 2026 Order was served on Plaintiff by mail.

3

## III. ARGUMENT

**A. Plaintiff did not miss the deadline; the May 18 docket date reflects mail transit and weekend court closure, not delay.**

The June 9 Order rests on a single premise: that Plaintiff offered no reason the amendment "could not have been included before the May 15, 2026 deadline." That premise overlooks the dispositive fact that Plaintiff *did* submit a complete Second Amended Complaint in compliance with the deadline. Plaintiff caused the full pleading and exhibits to be mailed on May 12, 2026 — three days before the deadline (Ex. 1). The submission was docketed at ECF No. 87 on Monday, May 18, 2026. The deadline of Friday, May 15, 2026, was immediately followed by the weekend of May 16–17, during which the Clerk's Office was closed; a submission in transit at the deadline would, in the ordinary course, be processed and docketed on the next business day, Monday, May 18. Any interval between the May 15 deadline and the May 18 docket entry is therefore attributable to mail transit and weekend court closure — matters outside Plaintiff's control — not to any lack of diligence.

Critically, ECF No. 87 was *not* rejected as untimely. It was set aside by Order at ECF No. 94 on purely procedural grounds — that Plaintiff "did not file a proper motion to accompany her proposed pleading and did not present all submissions—including exhibits—to the clerk of court for filing at the same time." (ECF No. 94.) When a litigant's diligent, good-faith filing is set aside on a curable procedural ground, the time reasonably spent curing that defect cannot fairly be charged against the litigant as unexcused "delay." Plaintiff did precisely what ECF Nos. 78 and 94 demanded — she filed a proper motion and presented the pleading and all exhibits to the clerk together — and the June 1 consolidated motion (ECF No. 111) was the product of that compliance,

4

not of dilatory conduct. To deny leave as "untimely" on these facts penalizes Plaintiff for curing the very defects the Court directed her to cure.

**B. Plaintiff acted diligently, and any delay was the result of excusable neglect.**

Leave to amend after a scheduling deadline is governed by the good-cause standard of Rule 16(b), which focuses on the movant's diligence, together with the liberal amendment standard of Rule 15(a)(2). See Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008); Cook v. Howard, 484 F. App'x 805, 814–15 (4th Cir. 2012). Plaintiff's diligence is documented: she completed the pleading on May 11, caused it to be mailed through a commercial service on May 12 — three days early — to the Court and all counsel (Ex. 1), and, when the submission was set aside on procedural grounds (ECF No. 94), promptly recompiled and re-filed it in the required consolidated form. This is the opposite of the conduct that justified denial in Nourison, where the movant offered "no reason" for the failure to act timely. 535 F.3d at 298.

To the extent any portion of the consolidated June 1 filing is deemed to have crossed the May 15 deadline, the brief interval was the product of excusable neglect and should be excused under Federal Rule of Civil Procedure 6(b)(1)(B). See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993) (excusable neglect is an "elastic concept" weighing the danger of prejudice, the length of the delay and its potential impact on the proceedings, the reason for the delay, and whether the movant acted in good faith). Each factor favors Plaintiff: the delay was measured in days; the case remained at the pleading stage; the reason was Plaintiff's effort to comply with the Court's own anti-piecemeal directive; and Plaintiff has at all times acted in good faith.

**C. The proposed amendment adds no new claims and works no prejudice; it is not futile or made in bad faith.**

5

Leave to amend should be "freely give[n] when justice so requires," Fed. R. Civ. P. 15(a)(2), and may be denied only for prejudice, bad faith, or futility. Foman v. Davis, 371 U.S. 178, 182 (1962); Johnson v. Oroweat Foods Co., 785 F.2d 503, 509–10 (4th Cir. 1986) — the same authorities the Court cited in ECF No. 78. None of those grounds is present. The proposed Second Amended Complaint asserts no new causes of action; it pleads the same claims already set out in the operative Amended Complaint (ECF No. 18) and supports them with documentary exhibits — the very specificity Defendants contended the prior pleading lacked. There is no prejudice: at the time of filing the case remained at the pleading stage. There is no bad faith: Plaintiff, proceeding *pro se*, sought only to present her existing claims clearly and with record support, as a pro se litigant is expected to do.

### D. Plaintiff's filings were not made for any improper purpose.

To the extent the Order is informed by the Court's general caution in ECF No. 77 regarding filings made for an improper purpose, that concern does not fit Plaintiff's submissions. Plaintiff's filings cite real, existing documents and authorities; they contain no fabricated citations and no artificial-intelligence-generated misstatements of law. Plaintiff's purpose throughout has been to secure and present documentary support for her claims and to comply with the Court's directives — not to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Plaintiff respectfully submits that her good-faith, document-supported pleading is entitled to consideration on the merits.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the District Judge sustain these Objections, set aside the Magistrate Judge's June 9, 2026 Order (ECF No. 119), and grant Plaintiff

leave to file the Second Amended Complaint; or, in the alternative, refer the matter back to the Magistrate Judge for application of the standards set forth in Foman v. Davis and Pioneer Investment Services Co. v. Brunswick Associates. Plaintiff further requests such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dr. Lathonia Bennett, DDS
Plaintiff, *Pro Se*
PO Box 1010
Kingstree, SC  29556
lathonia@justuscpp.org
Dated: June 12th, 2026

7

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, a true and correct copy of the foregoing Plaintiff's

Objections to the Magistrate Judge's Order of June 9, 2026 was served upon counsel of record for

all Defendants by [the Court's CM/ECF system / U.S. Mail], addressed as follows:

Daniel C. Plyler, Esq.
William K. Rees, Esq.
Smith Robinson
3200 Devine Street
Columbia, South Carolina 29205

Steve A. Matthews, Esq.
Haynsworth Sinkler Boyd, P.A.
1201 Main Street, 22nd Floor
Columbia, South Carolina 29201
smatthews@hsblawfirm.com

Dr. Lathonia Bennett, DDS
Dated: June 12th, 2026