# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### FLORENCE DIVISION

| | | |
|---|---|---|
| Dr. Lathonia Bennett, DDS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4:26-cv-01034-JD-PJG |
| | ) | |
| v. | ) | PLAINTIFF'S MOTION TO RECONSIDER |
| | ) | THE ORDER STAYING DISCOVERY |
| Williamsburg County, South Carolina; | ) | (ECF No. 117) AND TO COMPEL |
| Williamsburg County Council; Kelvin | ) | DEFENDANTS' OVERDUE DISCOVERY |
| Washington; Hixon Copp; Amanda Shuler; | ) | RESPONSES |
| Williamsburg County Economic | ) | |
| Development Board; Williamsburg County | ) | [Fed. R. Civ. P. 26(c), 36(a)(3), 37, |
| Development Corporation, | ) | and 54(b)] |
| | ) | |
| Defendants. | ) | |

Plaintiff Dr. Lathonia Bennett, DDS, appearing *pro se*, respectfully moves the Court, pursuant to Federal Rules of Civil Procedure 54(b) and 37 and the Court's inherent authority, to reconsider and vacate the portion of its Order entered June 9, 2026 (ECF No. 117) that suspended all discovery in this matter, and to compel Defendants to respond to Plaintiff's outstanding discovery requests. In support, Plaintiff states as follows:

1

# I. INTRODUCTION

By Order at ECF No. 117, the Court granted Defendants' Motion for Protective Order and/or Temporary Stay of Discovery (ECF No. 98) and suspended discovery pending resolution of Defendants' Motions to Dismiss (ECF Nos. 45 and 47). Plaintiff respectfully submits that reconsideration is warranted under Rule 54(b) because the stay rests on a premise that the record does not support and operates to relieve Defendants of discovery obligations on which they were *already in default* when they sought the stay. Defendants filed their stay motion on the very day their first set of discovery responses came due, without serving any response, partial response, or specific objection. The mere pendency of a Rule 12(b)(6) motion does not automatically stay discovery, and Defendants made no particularized showing of good cause under Rule 26(c). The stay should be vacated, and Defendants should be compelled to respond.

# II. PROCEDURAL AND FACTUAL BACKGROUND

1.      On April 7, 2026, Defendants filed Motions to Dismiss the Amended Complaint (ECF Nos. 45 and 47).

2.      On April 26, 2026, Plaintiff served her First Set of Requests for Production of Documents, Interrogatories, and Requests for Admission. Defendants' responses were therefore due on or about May 26, 2026. See Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3).

3.      On May 9, 2026, Plaintiff served her Second Set of Requests for Production, Interrogatories, and Requests for Admission. Defendants' responses to the Second Set were due on or about June 8, 2026.

4.      On May 26, 2026 — the same day the First Set responses became due — Defendants filed their Motion for Protective Order and/or Temporary Stay of Discovery (ECF No. 98). The

2

Motion contained no responses, partial or complete; identified no specific request as overbroad, privileged, or unduly burdensome; and requested no extension preserving the underlying obligations. It sought only an open-ended stay until thirty days after a ruling on the Motions to Dismiss.

5.      As of June 9, 2026, when the Court entered ECF No. 117 staying discovery, Defendants' responses to both the First Set (due May 26) and the Second Set (due June 8) were overdue, and Defendants had served no responses or specific objections to either set.

### III. STANDARD OF REVIEW

Under Rule 54(b), an order that does not adjudicate all claims "may be revised at any time before the entry of a judgment," and the Court retains inherent authority to reconsider its interlocutory orders. A protective order staying discovery may issue only "for good cause," and the party seeking it bears the burden of articulating specific facts, not conclusory statements. Fed. R. Civ. P. 26(c) (1); Cipollone v. Liggett Grp., Inc., 785 F.2d 1108, 1121 (3d Cir. 1986) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."). Whether to stay discovery pending a dispositive motion lies in the Court's discretion, but a court "should not . . . stay discovery which is necessary to gather facts in defense of the motion," and a stay is appropriate only where the discovery sought is irrelevant or the movant's claims fail as a matter of law. Tilley v. United States, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003); Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988).

## IV. ARGUMENT

**A. Defendants were already in default of their discovery obligations when the stay issued.**

Plaintiff served her First Set on April 26, 2026; responses were due May 26, 2026. Defendants filed their stay motion on May 26, 2026 without serving any response or specific objection, and the Second Set (served May 9) came due June 8 — likewise unanswered. A protective order entered after a party's response deadline has passed cannot retroactively cure a default that had already occurred. The stay at ECF No. 117 has the practical effect of excusing Defendants from obligations they had already failed to meet, which is not a permissible use of Rule 26(c).

**B. The Requests for Admission are deemed admitted by operation of Rule 36(a)(3).**

Under Rule 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves . . . a written answer or objection." Defendants neither answered nor specifically objected to Plaintiff's Requests for Admission within thirty days of service. Defendants' stay motion did not answer or object to any Request for Admission and did not preserve their Rule 36 position. Plaintiff respectfully requests that the Court confirm that the unanswered Requests for Admission in the First Set are deemed admitted as of May 26, 2026, and that nothing in ECF No. 117 be construed to forgive admissions already in effect by operation of law.

**C. A pending Rule 12(b)(6) motion does not automatically stay relevant discovery.**

The mere filing of a motion to dismiss is not a per se ground for staying discovery. Simpson, 121 F.R.D. at 263. A stay is improper where the discovery sought is relevant to the claims and to opposing the dispositive motion. Tilley, 270 F. Supp. 2d at 734. Plaintiff's requests are mapped, on their face, to specific Counts of the operative pleading and to the documentary record already before the Court. Defendants do not contend — and could not contend — that Plaintiff's discovery

4

is irrelevant to her claims, nor that every Count fails as a matter of law. Defendants' own Motions to Dismiss engage each Count on the merits and identify Counts they elected not to challenge — a level of engagement inconsistent with the assertion that the pleadings cannot be understood well enough to permit a discovery response. Pro se pleadings are construed liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).

## D. Defendants made no particularized Rule 26(c) showing.

Defendants' Motion rested on the conclusory assertion that Plaintiff's pleadings were in a "very confused state." It did not identify any specific request that is overbroad, privileged, unduly burdensome, or disproportionate under Rule 26(b)(1); it proposed no partial response; and it offered no articulated injury. That is not the showing Rule 26(c) requires. Cipollone, 785 F.2d at 1121. Moreover, any premise that the pleadings were too unsettled to permit a response is no longer accurate: the pleading sufficiency of Plaintiff's claims is now fully briefed before the Court.

## E. The discovery default continues a documented pattern of avoiding lawful disclosure obligations.

Defendants' failure to respond to discovery does not stand alone. It continues a documented pattern in which multiple Williamsburg County offices have responded to Plaintiff's lawful requests for public information by redirecting, conditioning, or declining them rather than producing responsive records. For example: (i) Plaintiff submitted a Freedom of Information Act request dated April 16, 2026 to the Williamsburg County Clerk of Court; rather than producing records, the Clerk of Court, the Honorable Deitra M. Johnson, referred Plaintiff to the Clerk to Council, Tammi Epps-McClary, and to the County's general FOIA process (Ex. [Clerk-Referral]); (ii) on April 23, 2026, Ms. Epps-McClary responded by directing Plaintiff to self-search public indexes and conditioning any production on a twenty-five percent deposit and fees, without producing

responsive records (Ex. [Clerk-to-Council-Response]); (iii) on March 13, 2026, in response to Plaintiff's FOIA request to inspect records concerning the Ingka/IRI litigation, Defendant Hixon Copp, Director of Economic Development, stated only that economic development was "not . . . aware of any[] lawsuit," rather than producing or addressing responsive records (Ex. A-09); and (iv) on April 14, 2026, Defendant Copp declined Plaintiff's request to meet regarding economic-development tools, stating, "I am unable to meet with you" (Ex. [Copp-Unable-to-Meet]). These documented communications reflect a consistent approach by County actors to lawful information requests. Defendants' conduct in discovery — serving no responses and instead seeking an open-ended stay on the very day responses came due — reflects that same approach. The Court need not accept any characterization of Defendants' intent; the documented conduct speaks for itself, and a stay would reward and prolong it.

### F. The risk of prejudice and evidence loss increases with delay.

Plaintiff's claims implicate active and ongoing conduct, including continuing public-records obstruction during this litigation and the administration of multi-decade public-private agreements. Electronic records are routinely overwritten on standard retention cycles, and relevant materials reside in personal email, on mobile devices, and across overlapping institutional roles pleaded in the operative complaint. A stay does not relieve Defendants of their independent duty to preserve, but it materially increases the period during which preservation failures may occur and become irretrievable.

### G. In the alternative, any stay should be narrowly tailored.

If the Court declines to vacate the stay entirely, Plaintiff respectfully requests that any stay (1) not extend to the Requests for Admission already deemed admitted under Rule 36(a)(3); (2) not extend to claims Defendants do not challenge as failing as a matter of law; (3) impose, in writing, a

6

continuing preservation obligation on Defendants and their counsel covering all materials within the scope of Plaintiff's First and Second Sets, including materials held by the individual Defendants and the institutional Defendants; (4) require a written Preservation Certification within fourteen (14) days; (5) impose a definite end date no later than thirty (30) days after the Court's ruling on the first-filed pending pleading-stage motion; and (6) provide that Defendants' response deadlines resume automatically when the stay ends, without re-service.

## V. MOTION TO COMPEL

Pursuant to Rule 37(a), Plaintiff moves to compel Defendants to serve complete responses to Plaintiff's First Set (served April 26, 2026) and Second Set (served May 9, 2026) of Requests for Production, Interrogatories, and Requests for Admission. Defendants failed to serve any response or specific objection within the time allowed, and the requests are relevant and proportional to the needs of the case under Rule 26(b)(1). Plaintiff requests that the Court direct Defendants to respond within a date certain set by the Court.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court (1) reconsider and vacate the portion of ECF No. 117 staying discovery; (2) confirm that Plaintiff's unanswered Requests for Admission are deemed admitted under Rule 36(a)(3); (3) compel Defendants to respond to Plaintiff's First and Second Sets of discovery by a date certain; or, in the alternative, (4) enter a narrowly tailored stay with the preservation protections set forth above; and (5) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____

Dr. Lathonia Bennett, DDS

Plaintiff, *Pro Se*

P.O. Box 1010

Kingstree, South Carolina 29556

Telephone: (912) 996-3303

Email: lathonia@justuscpp.org

Dated: June 12, 2026


**CERTIFICATION UNDER RULE 37(a)(1)**

Plaintiff certifies, pursuant to Rule 37(a)(1) and Local Civil Rule 7.02 (D.S.C.), that she has in good faith attempted to confer with Defendants' counsel to obtain the requested discovery without court action. By letter dated June 12, 2026, a copy of which is attached as Exhibit [__], Plaintiff requested that Defendants advise whether and when they would respond to the First and Second Sets, state their position on the Rule 36 admissions, and confirm preservation. **[Plaintiff to complete before filing: As of the filing of this Motion, Defendants have [not responded / responded as follows: _____], and the parties have been unable to resolve the matter without court action.]**

8

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, a true and correct copy of the foregoing Motion was served upon counsel of record for all Defendants by [the Court's CM/ECF system / U.S. Mail], addressed as follows:


Daniel C. Plyler, Esq.

William K. Rees, Esq.

Smith Robinson Holler DuBose & Morgan, LLC

3200 Devine Street

Columbia, South Carolina 29205


Steve A. Matthews, Esq.

Haynsworth Sinkler Boyd, P.A.

1201 Main Street, 22nd Floor

Columbia, South Carolina 29201


_____

Dr. Lathonia Bennett, DDS

Dated: June 12, 2026