IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Dr. Lathonia Bennett, DDS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. **4:26-cv-01034-JD-PJG** |
| | ) | |
| v. | ) | **PLAINTIFF'S OBJECTION TO THE** |
| | ) | **MAGISTRATE JUDGE'S ORDER** |
| Williamsburg County, South Carolina; | ) | **STAYING DISCOVERY (ECF No. 117)** |
| Williamsburg County Council; Kelvin | ) | |
| Washington; Hixon Copp; Amanda Shuler; | ) | [Fed. R. Civ. P. 72(a); |
| Williamsburg County Economic | ) | 28 U.S.C. § 636(b)(1)(A); |
| Development Board; Williamsburg County | ) | Local Civ. Rule 73.01 (D.S.C.)] |
| Development Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Dr. Lathonia Bennett, DDS, appearing *pro se*, respectfully submits this Objection, pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), to the Magistrate Judge's Docket Text Order entered June 9, 2026 (ECF No. 117), which granted Defendants' Motion for Protective Order (ECF No. 98) and suspended all discovery pending resolution of Defendants' Motions to Dismiss (ECF Nos. 45 and 47). Plaintiff respectfully requests that the District Court set aside the discovery-stay portion of ECF No. 117 as clearly erroneous and contrary to law; compel Defendants' overdue discovery responses and award the costs Plaintiff incurred in bringing this matter; and enter an order of protection and preservation directing Defendants to preserve all materials within the scope of Plaintiff's discovery. In support, Plaintiff states as follows.

## I.    INTRODUCTION

ECF No. 117 is a nondispositive pretrial order entered by the Magistrate Judge. Under Rule 72(a), a party may serve and file objections within 14 days after being served, and "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). This Objection is timely.

The Order granted a stay "for good cause shown," but the record does not support good cause. **Defendants moved for a stay on the very day their first set of discovery responses came due, having served no responses, no partial responses, and no specific objections.** By the time the stay issued, Defendants were already in default on two separate sets of discovery requests. A protective order entered after the response deadlines have lapsed cannot retroactively cure a default that has already occurred, and a conclusory recitation of "good cause" cannot substitute for the particularized showing Rule 26(c) requires. Critically, Defendants' refusal to respond to discovery is not an isolated lapse — it is the latest instance of a sustained pattern in which Williamsburg County and its officials have stonewalled Plaintiff's lawful requests for information, including her requests under the South Carolina Freedom of Information Act. The stay rewards and prolongs that stonewalling, and it should be set aside.

This Objection is directed only to the portion of ECF No. 117 that stays discovery. To the extent ECF No. 117 also struck Plaintiff's Response at ECF No. 107, Plaintiff has separately moved to withdraw the duplicative ECF No. 105 and to reinstate ECF No. 107 (ECF No. 138), and does not duplicate that request here.

## II.     TIMELINESS OF THIS OBJECTION

This Objection is timely. Although ECF No. 117 was entered electronically on June 9, 2026, Plaintiff does not receive electronic service. By this Court's Order at ECF No. 36, Plaintiff, as a *pro se* litigant, may not register as a CM/ECF filing user and is served with the Court's orders by United States Mail. Service by mail is complete upon mailing. Fed. R. Civ. P. 5(b)(2)(C). The envelope transmitting ECF No. 117 to Plaintiff bears a United States Postal Service postage-meter date of **June 15, 2026**, mailed from ZIP Code 29201 (Columbia, South Carolina). A copy of the envelope is attached as Exhibit A.

Plaintiff's fourteen-day period to object under Rule 72(a) therefore runs from service by mail on June 15, 2026, and three days are added under Rule 6(d) because service was made by mail. Fed. R. Civ. P. 6(d), 72(a). Computed under Rule 6(a), Plaintiff's time to file this Objection extends through on or about July 2, 2026, and this Objection is filed within

that period. To the extent the Court measures the period from any earlier date, Plaintiff respectfully submits that any delay is the product of mail service to a *pro se* litigant and constitutes excusable neglect under Rule 6(b)(1)(B), and requests that the Court consider the Objection on its merits.

## III.   STANDARD OF REVIEW

A magistrate judge may hear and determine nondispositive pretrial matters, including discovery matters and protective orders. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). On timely objection, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed. An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.

## IV.   FACTUAL AND PROCEDURAL BACKGROUND

1. On April 7, 2026, Defendants filed Motions to Dismiss the Amended Complaint (ECF Nos. 45 and 47).

2. On April 26, 2026, Plaintiff served her First Set of Requests for Production of Documents, Interrogatories, and Requests for Admission. Under Federal Rules of Civil Procedure 33(b)(2), 34(b)(2)(A), and 36(a)(3), Defendants' responses were due on or about May 26, 2026.

3. On May 9, 2026, Plaintiff served her Second Set of Requests for Production, Interrogatories, and Requests for Admission. Defendants' responses were due on or about June 8, 2026.

4. On May 26, 2026 — the same day the First Set responses became due — Defendants filed their Motion for Protective Order and/or Temporary Stay of Discovery (ECF No. 98). The Motion served no discovery responses, identified no specific request as overbroad, privileged, or unduly burdensome, and offered no particularized

statement of injury. It sought only an open-ended stay of discovery until after a ruling on the Motions to Dismiss.

5. As of June 9, 2026, when the Magistrate Judge entered ECF No. 117, Defendants' responses to both the First Set (due May 26) and the Second Set (due June 8) were overdue, and Defendants had served no responses or specific objections to either set.

6. Plaintiff's discovery requests did not arise in a vacuum. Before discovery, Plaintiff repeatedly sought the same categories of public records through lawful Freedom of Information Act requests, and Williamsburg County and its officials declined, redirected, or conditioned those requests rather than producing responsive records, as set forth in Section V.E below.

7. ECF No. 117 granted the stay "for good cause shown" in a docket text order. The Order did not address that Defendants were already in default on both sets of discovery when they moved; did not identify any specific request that was overbroad or burdensome; did not address Plaintiff's Requests for Admission or their status under Rule 36(a)(3); and made no particularized findings of good cause.

## V.    ARGUMENT

### A.    *The stay is contrary to law because Defendants made no particularized showing of good cause under Rule 26(c).*

A protective order may issue only "for good cause," and the party seeking it bears the burden of articulating specific facts demonstrating a clearly defined and serious injury — not conclusory or stereotyped statements. Fed. R. Civ. P. 26(c)(1). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).

Defendants' Motion rested on the conclusory assertion that Plaintiff's pleadings were in a "very confused state." It did not identify any specific request that is overbroad, privileged, unduly burdensome, or disproportionate under Rule 26(b)(1); it proposed no

partial response; and it offered no articulated, particularized injury. A stay entered on that record is contrary to the showing Rule 26(c) requires, and the Order's bare recital of "good cause shown," unaccompanied by any finding tied to a specific request or harm, cannot substitute for that showing.

### B.    *The mere pendency of a Rule 12(b)(6) motion does not automatically stay relevant discovery.*

The filing of a motion to dismiss does not, by itself, warrant a stay of discovery. A court "should not ... stay discovery which is necessary to gather facts in defense of the motion," and a stay is appropriate only where the discovery sought is plainly irrelevant or the movant's claims fail as a matter of law. *Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003) (stating standard; granting stay where the claims failed as a matter of law); *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988). Plaintiff's discovery requests are mapped, on their face, to specific Counts of the operative pleading and to the documentary record already before the Court. Defendants do not contend — and cannot contend — that the discovery is irrelevant to Plaintiff's claims, or that every Count fails as a matter of law; their own Motions to Dismiss engage each Count and identify Counts they elected not to challenge. *Pro se* pleadings are construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### C.    *Defendants were already in default of their discovery obligations when the stay issued, and a protective order cannot retroactively excuse that default.*

Plaintiff served her First Set on April 26, 2026; responses were due May 26, 2026. Defendants filed their stay motion on May 26, 2026 without serving any response or specific objection, and the Second Set (served May 9) came due June 8 — likewise unanswered. By June 9, when ECF No. 117 issued, Defendants were in default on both sets. A protective order entered after a party's response deadline has passed cannot retroactively cure a default that already occurred. The practical effect of the stay is to excuse Defendants from obligations they had already failed to meet, which is not a permissible use of Rule 26(c). The Order's failure to account for this default is clearly erroneous on the face of the record.

**D.** **The unanswered Requests for Admission are deemed admitted by operation of Rule 36(a)(3), and the stay should not be read to disturb that result.**

Under Rule 36(a)(3), "a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." Fed. R. Civ. P. 36(a)(3). Defendants neither answered nor specifically objected to Plaintiff's Requests for Admission within thirty days of service, and their stay motion did not answer, object to, or otherwise preserve their position on any Request for Admission. The First-Set Requests for Admission are therefore deemed admitted by operation of law as of May 26, 2026. Plaintiff respectfully requests that the District Court confirm that ECF No. 117 does not, and cannot, retroactively forgive admissions already in effect by operation of Rule 36(a)(3).

**E.** **Defendants waived their objections to Plaintiff's discovery by failing to respond within the time the Rules require.**

Defendants did not merely respond late; they served nothing. The consequence is not discretionary as to the interrogatories. Rule 33(b)(4) provides: "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Defendants served no objections to Plaintiff's interrogatories within the time allowed, and have shown no good cause for the failure; their objections to the interrogatories in both the First and Second Sets are therefore waived. As to the requests for production, Rule 34(b)(2) likewise required Defendants to respond in writing within thirty days and to state any objection with specificity; a party that serves no response and no objection at all presents the clearest case for treating objections as forfeited. Because Defendants waived their objections, the stay at ECF No. 117 should not be construed to revive objections that no longer exist, and Defendants should be ordered to produce the requested discovery.

**F.** **Defendants' discovery default is the continuation of a documented pattern of stonewalling Plaintiff's lawful requests for information, and a stay rewards and prolongs that conduct.**

This is the heart of Plaintiff's Objection. Defendants' refusal to respond to discovery does not stand alone; it is the latest chapter in a sustained course of conduct in which

Williamsburg County and its officials have met Plaintiff's lawful requests for public information with referral, condition, and refusal rather than production. The pattern is documented in the record:

(i). Plaintiff's Freedom of Information Act request dated April 16, 2026 to the Williamsburg County Clerk of Court was not answered with records. Instead, the Clerk of Court referred Plaintiff to the Clerk to Council and to the County's general FOIA process — a referral that produced no documents. [Cross-reference exhibit filed with ECF No. 139; confirm designation.]

(ii). On April 23, 2026, the Clerk to Council responded not by producing records but by directing Plaintiff to *self-search public indexes* and by conditioning any production on a twenty-five percent deposit and fees. Again, no responsive records were produced. [Cross-reference exhibit; confirm designation.]

(iii). In response to Plaintiff's request to inspect records concerning litigation of public concern, Defendant Hixon Copp, Director of Economic Development, stated only that the office was "not ... aware of any[] lawsuit," rather than producing or addressing responsive records. [Cross-reference exhibit; confirm designation.]

(iv). On April 14, 2026, Defendant Copp declined Plaintiff's request to meet regarding economic-development matters, stating, "I am unable to meet with you." [Cross-reference exhibit; confirm designation.]

Viewed against this record, Defendants' conduct in discovery — serving *no* responses and instead filing an open-ended stay motion on the very day responses came due — is not a neutral litigation choice. It is the same approach the County has taken to every lawful request Plaintiff has made: avoid disclosure, shift the burden onto the requester, and run out the clock. The Court need not accept any characterization of Defendants' intent; the documented conduct speaks for itself. A discovery stay does not neutralize this pattern — it rewards it, and it extends the very obstruction Plaintiff brought this action, in part, to remedy. Where the party seeking a protective order is itself in default

and has a documented history of withholding the same information through other channels, "good cause" for relieving that party of its obligations is absent.

Plaintiff further submits, respectfully, that the timing and sequence of Defendants' filing reflect the deliberate use of procedural mechanisms by experienced counsel to obtain through motion practice what the Rules would not otherwise permit. Defendants, represented by counsel, allowed both response deadlines to pass without serving a single response or specific objection, and then invoked the protective-order procedure on the precise day the First Set came due — converting their own default into a court-ordered suspension of the obligations they had already failed to meet. Rule 26(c) exists to protect parties from annoyance, oppression, or undue burden; it is not a vehicle to retroactively cure a default or to relieve a represented party of discovery duties it simply chose not to perform. A *pro se* plaintiff should not lose her right to the discovery the Rules guarantee because the opposing parties are more familiar with how to deploy those procedures to their advantage. The Court's task on this Objection is to ensure that the Rules are applied to their substance — service deadlines, the burden of showing good cause, and the consequences of default — rather than to the procedural posture Defendants engineered.

### G.    *Defendants' characterization of Plaintiff's pleadings as "confused" cannot justify their own default.*

Defendants' sole stated basis for the stay was that Plaintiff's pleadings were in a "very confused state." That characterization cannot bear the weight Defendants place on it. First, a represented party does not get to unilaterally declare the opposing party's pleadings too confusing to answer and treat that declaration as a license to ignore its own discovery deadlines; the Rules supply specific mechanisms — a motion for a more definite statement, specific objections, a timely motion for protective order supported by particular facts — none of which Defendants used. Second, the characterization is undercut by Defendants' own conduct: their Motions to Dismiss engage each Count of the operative pleading on the merits and even identify the Counts they elected not to challenge, which is not the conduct of parties genuinely unable to understand the claims. Third, and most tellingly, the supposedly "confused" *pro se* Plaintiff managed to serve two complete, properly framed

sets of discovery on time, while Defendants — represented by experienced counsel — served nothing at all. The party the Rules were written to protect performed her obligations; the parties who understand the Rules best did not. Defendants should not be permitted to convert their characterization of Plaintiff as disorganized into a basis for excusing their own failure to respond.

### H.    Defendants' default warrants consequences, not a reward.

Defendants allowed two sets of discovery responses to come due without serving a single response or specific objection, and there is no indication on this record that they ever intended to respond. A party may not simply disregard its discovery obligations and rely on the pendency of a motion to dismiss — or on a stay obtained after the fact — to escape all consequence. Under Rule 37, when a party fails to serve answers or objections to interrogatories or requests for production, the Court may compel responses and *must* must, if the motion is granted, ordinarily require the non-responding party to pay the movant's reasonable expenses caused by its failure, unless the failure was substantially justified or other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5)(A). A position is "substantially justified" only if it is "justified to a degree that could satisfy a reasonable person" and has "a reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Serving no response, no objection, and no partial response to either set of discovery is not justified to a degree that could satisfy a reasonable person, and Plaintiff satisfied the meet-and-confer prerequisite by letter dated June 12, 2026 (ECF No. 139-1), to which Defendants did not substantively respond. Plaintiff therefore respectfully requests that the Court (1) compel Defendants to respond by a date certain; (2) award Plaintiff the reasonable expenses she incurred in bringing this matter under Rule 37(a)(5)(A); and (3) advise Defendants that any continued failure to respond by the date the Court sets will subject them to the further sanctions available under Rule 37(b)(2)(A).

### I.    The Court should enter an order of protection and preservation in Plaintiff's favor.

As Plaintiff previously requested (see ECF No. 44), and independent of how the Court rules on the stay, Plaintiff respectfully requests that the Court enter an order (1) directing

Defendants and their counsel to preserve all documents, communications, and electronically stored information within the scope of Plaintiff's First and Second Sets of discovery, including materials held by the individual Defendants and by the institutional Defendants, and including materials in personal email accounts, on mobile devices, and across the overlapping institutional roles pleaded in the operative complaint; and (2) requiring Defendants to file a written Preservation Certification within fourteen (14) days confirming that a litigation hold is in place. The need for such an order is concrete: Plaintiff's claims involve active and ongoing conduct, including continuing public-records obstruction during this litigation, and electronic records are routinely overwritten on standard retention cycles. A protective and preservation order safeguards the integrity of the record while the pleading-stage motions are resolved, prejudices no one acting in good faith, and is fully consistent with Defendants' existing, independent duty to preserve evidence.

### J.      Plaintiff has proceeded in good faith and in an effort to comply with the Court's instructions.

Plaintiff is proceeding *pro se* and has at all times attempted, in good faith, to comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and this Court's instructions, including its Order at ECF No. 77. Any procedural irregularities in Plaintiff's filings have been the product of inexperience and a good-faith effort to follow the Court's directions, not an intent to harass, multiply proceedings, or cause delay. Plaintiff respectfully submits that her diligence in serving discovery, conferring with opposing counsel, and seeking relief on the docket stands in sharp contrast to Defendants' service of no discovery responses at all.

### K.      In the alternative, any stay should be narrowly tailored to preserve evidence and the deemed admissions.

If the District Court declines to set aside the stay entirely, Plaintiff respectfully requests that any stay (1) not extend to the Requests for Admission already deemed admitted under Rule 36(a)(3); (2) not extend to any claim that Defendants do not contend fails as a matter of law; (3) impose, in writing, a continuing preservation obligation on Defendants and their counsel covering all materials within the scope of Plaintiff's First and Second Sets, including materials held by the individual Defendants and the institutional

Defendants; (4) require a written Preservation Certification within fourteen (14) days; (5) impose a definite end date no later than thirty (30) days after the Court's ruling on the first-filed pending pleading-stage motion; and (6) provide that Defendants' response deadlines resume automatically when the stay ends, without the need for re-service.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the District Court:

(1). set aside the discovery-stay portion of ECF No. 117 as clearly erroneous and contrary to law;

(2). confirm that Plaintiff's unanswered Requests for Admission served April 26, 2026 are deemed admitted under Rule 36(a)(3), and that ECF No. 117 does not disturb that result;

(3). direct Defendants to serve complete responses to Plaintiff's First and Second Sets of discovery within a date certain set by the Court, and award Plaintiff the reasonable costs she incurred in bringing this matter under Rule 37(a)(5);

(4). advise Defendants that any continued failure to respond by the date the Court sets will subject them to the further sanctions available under Rule 37(b);

(5). enter an order of protection and preservation directing Defendants and their counsel to preserve all materials within the scope of Plaintiff's First and Second Sets and to file a written Preservation Certification within fourteen (14) days, as set forth in Section V.I above;

(6). in the alternative, enter a narrowly tailored stay with the preservation protections set forth in Section V.K above; and

(7). grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Page 11 of 12

Lathonia Bennett, DDS
Plaintiff, Pro Se
P.O. Box 1010
Kingstree, South Carolina 29556
Telephone: (912) 996-3303
Email: lathonia@justuscpp.org

Dated: June 24, 2026

_____

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, a true and correct copy of the foregoing *Plaintiff's Objection to the Magistrate Judge's Order Staying Discovery (ECF No. 117)* was served upon counsel of record for all Defendants by [the Court's CM/ECF system / U.S. Mail], addressed as follows:

Daniel C. Plyler, Esq.
William K. Rees, Esq.
Smith Robinson Holler DuBose & Morgan, LLC
3200 Devine Street
Columbia, South Carolina 29205

Steve A. Matthews, Esq.
Haynsworth Sinkler Boyd, P.A.
1201 Main Street, 22nd Floor
Columbia, South Carolina 29201
smatthews@hsblawfirm.com

Lathonia Bennett, DDS
Plaintiff, Pro Se

Dated: June 24, 2026