14579552.2 35-98

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**FLORENCE DIVISION**

| | | |
|---|---|---|
| Dr. Lathonia Bennett, DDS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4:26-cv-01034-JD-PJG |
| | ) | |
| v. | ) | |
| | ) | PLAINTIFF'S MOTION TO WITHDRAW |
| Williamsburg County, South Carolina; | ) | ECF NO. 105 AND TO REINSTATE |
| Williamsburg County Council; Kelvin | ) | ECF NO. 107 AS THE OPERATIVE |
| Washington; Hixon Copp; Amanda Shuler; | ) | RESPONSE IN OPPOSITION TO |
| Williamsburg County Economic | ) | DEFENDANTS' MOTIONS TO DISMISS |
| Development Board; Williamsburg County | ) | (ECF NOS. 45 & 47) |
| Development Corporation, | ) | |
| | ) | [Fed. R. Civ. P. 54(b)] |
| Defendants. | ) | |

---

Plaintiff Dr. Lathonia Bennett, DDS, appearing *pro se*, respectfully moves the Court for an Order (1) accepting Plaintiff's withdrawal of the duplicative Response docketed at ECF No. 105; and (2) reinstating Plaintiff's Combined Response in Opposition to Defendants' Motions to Dismiss, docketed at ECF No. 107, as the single operative Response to ECF Nos. 45 and 47. Because the withdrawal of ECF No. 105 removes the sole basis on which ECF No. 107 was stricken — that it was "duplicative" — Plaintiff respectfully requests that ECF No. 107 be reinstated and considered on the merits. In support, Plaintiff states as follows:

14579552 2.36-98

## I. BACKGROUND

1. By Order at ECF No. 96 (entered May 21, 2026), the Court directed Plaintiff to advise the Court whether she wishes to continue this action and to file a response to Defendants' Motions to Dismiss (ECF Nos. 45 and 47) within fourteen (14) days. Plaintiff hereby confirms that she *does* wish to continue this action and to oppose the Motions on the merits.

2. Within the period set by ECF No. 96, Plaintiff filed two responsive documents on June 1, 2026. The first, docketed at ECF No. 105, is a nine-page Response in Opposition to ECF Nos. 45 and 47. The second, docketed at ECF No. 107, is a more complete twenty-one-page Combined Response in Opposition to ECF Nos. 45 and 47 and to Defendants' Motion for Protective Order (ECF No. 98).

3. ECF No. 107 is the document Plaintiff intends to stand as her operative opposition. It addresses each Count, is supported by record citations, and relies upon admissions in Defendants' own filings. ECF No. 105 was an earlier, shorter draft of the same opposition that Plaintiff inadvertently included in her June 1 submission bundle alongside ECF No. 107. The duplication was an inadvertent clerical error by Plaintiff in assembling her June 1 submission bundle; it was a human mistake, not an attempt to multiply filings or to cause delay. Plaintiff acted in good faith throughout.

4. By Order at ECF No. 117 (entered June 9, 2026), the Court struck ECF No. 107, to the extent it serves as an opposition to the Motions to Dismiss, as "duplicative" and in reference to the Court's prior Order at ECF No. 77. The strike thus rested on the existence of two overlapping responses (ECF Nos. 105 and 107) on the docket.

14579552.2.37-98

## II. RELIEF REQUESTED AND GROUNDS

**A. Withdrawing ECF No. 105 eliminates the duplication and the basis for the strike.**

Plaintiff hereby voluntarily withdraws ECF No. 105. With ECF No. 105 withdrawn, only one Response to the Motions to Dismiss remains — ECF No. 107 — and it is no longer "duplicative" of anything on the docket. The sole stated ground for striking ECF No. 107 therefore no longer exists. Under Federal Rule of Civil Procedure 54(b), an order that does not adjudicate all claims "may be revised at any time before the entry of a judgment," and the Court retains inherent authority to reconsider its own interlocutory orders. Plaintiff respectfully requests that the Court exercise that authority to vacate the strike of ECF No. 107 and reinstate it as the operative opposition.

**B. ECF No. 107 does not violate ECF No. 77.**

To the extent the strike also referenced the Court's Order at ECF No. 77, ECF No. 107 was drafted specifically to comply with it. ECF No. 107 contains an express certification that the legal authorities cited therein consist exclusively of (a) decisions cited by Defendants in their own motion papers, (b) decisions cited by the Court in ECF Nos. 96 and 77, and (c) decisions cited by Defendants as affirmative defenses — and that Plaintiff "has introduced no new case authority in this Response," with every citation "adversarially Shepardized by opposing counsel or by the Court itself." ECF No. 107 thus cites no fabricated authority and contains no misstatement of law. Plaintiff acknowledges that, like many litigants, she used generative artificial-intelligence tools to assist in preparing her filings; consistent with ECF No. 77, the output was reviewed and verified by Plaintiff for accuracy, and every legal authority in ECF No. 107 is one already cited by the Court or by Defendants. The inadvertent inclusion of the duplicative ECF No. 105 was a human clerical error in assembling the submission, not the product of any artificial-intelligence tool. ECF

14579552.2.38-98

No. 107 was not filed for any improper purpose and is the opposite of the conduct ECF No. 77 was designed to deter — namely, unverified AI output and filings made to harass or delay.

In the interest of candor, Plaintiff notes and corrects a single typographical error in ECF No. 107. The decision cited as *Fleming v. Asbill*, 42 F.3d 886, was inadvertently dated to the wrong year. The correct citation is *Fleming v. Asbill*, 42 F.3d 886 (4th Cir. 1994). The case, the court, and the reporter citation are otherwise correct, and the error does not affect the proposition for which the case is cited. Upon reinstatement, Plaintiff respectfully requests that ECF No. 107 be read with this correction.

**C. Reinstatement serves the purpose of the Court's Roseboro Order and avoids deciding the Motions as unopposed.**

The Court's Orders at ECF Nos. 48 and 96 issued under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), to ensure that Plaintiff, proceeding *pro se*, had a fair opportunity to oppose the Motions to Dismiss before they were decided. Plaintiff availed herself of that opportunity and timely filed an opposition. If the only remaining opposition (ECF No. 107) stands stricken, the Motions to Dismiss may be decided as unopposed — the very outcome the Roseboro procedure exists to prevent. Reinstating ECF No. 107 ensures the Motions are resolved on a complete record, consistent with the Court's own directives and with the strong preference for resolution on the merits. No party is prejudiced: ECF No. 107 has been on the docket since June 1, 2026, and Defendants have been on notice of its contents since that date.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (1) accepting the withdrawal of ECF No. 105; (2) vacating the portion of ECF No. 117 that struck

ECF No. 107; (3) reinstating ECF No. 107 as Plaintiff's single operative Response in Opposition to Defendants' Motions to Dismiss (ECF Nos. 45 and 47); and (4) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dr. Lathonia Bennett, DDS
Plaintiff, *Pro Se*
[Mailing Address]
[City, State ZIP]
[Telephone] / [Email]
Dated: June 12, 2026

14579552.2 40-99

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, a true and correct copy of the foregoing Motion was served upon counsel of record for all Defendants by [the Court's CM/ECF system / U.S. Mail], addressed as follows:

Daniel C. Plyler, Esq.
William K. Rees, Esq.
Smith Robinson
3200 Devine Street
Columbia, South Carolina 29205

Steve A. Matthews, Esq.
Haynsworth Sinkler Boyd, P.A.
1201 Main Street, 22nd Floor
Columbia, South Carolina 29201
smatthews@hsblawfirm.com

______________________________
Dr. Lathonia Bennett, DDS
Dated: June 12, 2026